*Nov. Term, 1859.*

WILLIAMS
v.
WILLIAMS.

*Tuesday, December 20.*

---

WILLIAMS v. WILLIAMS and Another.

Where, upon granting a divorce, the Court, in its judgment, assigns the custody of the children to one of the parties, such disposition of the children will control, till the judgment making it is modified by the Court, upon proper application; and cannot be disregarded in a subsequent proceeding by *habeas corpus*, to obtain possession of the children.

APPEAL from the *Greene* Court of Common Pleas.

HANNA, J.—In *April*, 1854, the *Greene* Circuit Court, upon the application of *Margaretta Williams*, dissolved the bonds of matrimony existing between her and *Daniel Williams*, and, in pursuance of an agreement of the parties, as appears by the record, gave her 500 dollars alimony, and the custody, for four years, of *John E. Williams*, their infant son, and decreed "that afterwards said defendant

| 13 | 523 |
| 128 | 318 |
| 13b | 523 |
| 146 | 446 |
| 13 | 523 |
| Case 2 | |
| 168 | 359 |

*Tuesday, December 20.*

is to have the perpetual control of the said *John E. Williams;* and have leave, at all proper times, to see and converse with said child."

After the expiration of the four years, said *Daniel Williams,* before the judge of the Common Pleas Court, sued out a writ of *habeas corpus,* alleging the above facts, and setting forth the record of said divorce, and also averring that he had demanded the custody of the child, which had been refused, and that it was detained, &c., by said *Margaretta,* and *James C. Plume,* her father, &c.

A writ of *habeas corpus* was issued, which was returned with the separate answer of the said defendants.

*Plume* answered that *Margaretta* was his daughter, and had lived at his house since her divorce; that the child was not under his control, nor restrained by him; that if the Court should decree the custody of the child to its mother, he was able and willing to provide for and educate it, &c.

*Margaretta* answered, in her return, that she had the body of the child before the Court, and for cause of its detention alleged that she was its mother, and had had the care and control of it from its birth, except when prevented by said *Daniel;* that she was divorced from said *Daniel* for his misconduct; that her father made an agreement as to the custody of said child, during the pendency of the said application for divorce, and that she had always understood that she was to have the custody of said child for four years and longer, unless deprived of the same by order of the Court; that said *Daniel* is a person of bad character, of bad habits and temper, and indulges in bad language, &c., has no education, and will, as she believes, neglect the education of the said child, &c.; that she resides with her father, and has 500 dollars of her own, and is able to educate the child; that it is much attached to her, and she to it; that said *Daniel* is again married, and, she believes, cannot have much affection for said child, as he has manifested no concern for its welfare, &c.

The plaintiff excepted to each of said returns, and filed the said exceptions in writing, stating, first, that neither of

said returns stated facts sufficient, &c.; second, that said *Margaretta* is estopped, by the record, from denying that she was a party to the agreement and decree, made in relation to the custody of said child, at the time of granting said divorce, &c.

The exceptions so filed were overruled, and the plaintiff ordered to reply; to which ruling the plaintiff excepted, &c.

This raises the first question in the case. As to the return of *Plume*, we do not see but that the answer was sufficient; in other words, the exception was not well taken. The record in the divorce case could not be collaterally controverted by the said *Margaretta* as to the matters properly stated therein. It was, between the parties, conclusive, while in force, as to the matters thereby legitimately determined.

The questions before the Court, in that case, were as to the divorce, and, also, as to the custody, &c., of the child. The statute (2 R. S. p. 237, § 21) makes it the duty of the Court, in granting a divorce, to "make provision for the guardianship, custody, support, and education of the minor children of such marriage." This may be done by assigning such guardianship, &c., to the father, or to the mother, together with such reasonable sum, called alimony, as the Court may decree, in view of the circumstances of the case, &c. 2 R. S. p. 237, § 19.—*Rourke* v. *Rourke*, 8 Ind. R. 427.—Bish. on Mar. and Div., §§ 634, 639, 640. Or to a stranger. 2 R. S. p. 237. But if to a stranger, the father is responsible for the maintenance, &c., of the child.

In the case at bar, the decree for alimony stands in lieu of any claim which the wife had as to the husband's property, and, also, of any compensation, that she might claim, for the support of said child for the said four years. 2 R. S. p. 237.—*Rice* v. *Rice*, 6 Ind. R. 100.—*Whitsell* v. *Mills*, id. 229.

Whether circumstances might have arisen, during that four years, which would have given the same Court the right to have changed the amount of the allowance, is

a question not before us. See Bish. on Mar. and Div., §§ 593, 634, and authorities cited. But that circumstances might intervene, after the expiration of the four years, that would make the father responsible for the maintenance, &c., of the child, unless he should, in some way, discharge himself therefrom, we think can admit of but little doubt. *Cowls* v. *Cowls*, 3 Gilm. 435.

It is manifest, then, that the return of said *Margaretta* was not sufficient, first, because she could not directly, nor indirectly, contradict the record of the divorce, &c., in this proceeding; and, secondly, because the facts stated do not, whilst that decree stands, show any sufficient reason for failing to obey its injunctions, in view of the proceedings in which, and the tribunal before which, the said facts were produced.

Whether such facts would have been sufficient, if properly produced in the Court which granted the divorce, to have authorized a change of the original order, is a question not before us.

The plaintiff then replied, first, by a denial; second, that he performed the agreement and decree of the Court, &c., and the said *Margaretta* failed, &c., in refusing to permit him to see the child, &c., and also in refusing to deliver it up, &c., upon demand, &c., and has started unfounded reports of his habits, &c.; that he is able and willing to care for and educate said child, &c.

By consent of parties, a jury was impanneled, to whom, after the evidence had been heard, the Court submitted the following issues to be tried:

1. "Which is the more suitable person to have the custody of *John E. Williams—Daniel Williams* or *Margaretta Williams*, at the present time?"

2. "Does *James C. Plume* detain *John E. Williams* from plaintiff?"

The jury found that *Plume* did not detain the child, and that *Margaretta Williams* was "the more suitable person to have the custody of *John E. Williams*, at this time."

The plaintiff then moved for a new trial, and filed two causes—

1. That the verdict is contrary to law and evidence.

2. That the Court erred in giving, and refusing to give, instructions.

The motion was overruled.

The record informs us that the Court instructed the jury, "that, in making up their verdict, they should not take into consideration the record in the divorce case between said plaintiff and defendant, which was offered in evidence on this trial by the plaintiff." And, also, refused to instruct the jury, "that the further welfare and interest of the infant should be taken into consideration as well as its present interest and welfare;" but did instruct, among other things, that they "should only take into consideration its present interest and welfare."

It is evident that the first instruction given was wrong. It is only upon decreeing a divorce that the Court can make a final order, as to the custody of the children, by the statute. 2 R. S. p. 237, § 21. Interlocutory orders, relative thereto, may be made, pending an application for divorce. *Id.*, § 17. Without those statutes, the father, by the common law, would have the right to the custody of the child, when it is legitimate. McPhers. on Infants, 52 to 62.

This being the fact, it was necessary that it should appear, that the father and mother of the child were divorced, or that they were living separate, pending an application for a divorce, before the mother could at all claim the exclusive control and custody of the child. The highest and best evidence of the divorce was the record thereof, and, when introduced for one purpose, it was proper evidence, and should have been considered, in reference to all questions therein properly passed upon, and again attempted to be brought in issue.

Under the statute, the care and custody of the children of the marriage was a proper question for the Court, in decreeing a divorce, to pass upon; and having so done, that adjudication cannot be collaterally inquired into, it is manifest, as to matters preceding it, and which were directly involved and settled.

The plaintiff moved the Court for judgment in his favor, notwithstanding the verdict, on the pleadings and evidence. The Court overruled the motion. There was error in this. The Common Pleas Court had no original jurisdiction, at that time, to try and determine divorces, and, therefore, could not entertain a proposition to modify the decree of a Court having such jurisdiction, either in regard to the divorce itself, or any matter which was merely an incident thereto, but such as the Court necessarily passed upon.

It is even questionable whether the Court, which granted the divorce, could, in such a proceeding as this, have inquired into, and modified the decree here relied upon; but upon this we decide nothing; but see Bish. on Mar. and Div., § 700, and authorities cited.

It is suggested, that the application, for the custody of the child, should have been made in the Court which granted the divorce, and as a part, or continuation, of that proceeding.

Without doubt, it would have been eminently proper for the application to have been so made; that all matters, which have since arisen, might have been heard and determined; but as the plaintiff sought to enforce, and not to change or modify the terms of that decree, we cannot perceive why he should not have the right to appeal to any Court having authority to enforce it, or aid in its enforcement.

By the statute, the Common Pleas judge has, not only the authority, but it is made his imperative duty, upon a proper application, to issue a writ of *habeas corpus*; 2 R. S. p. 20, § 23, and p. 194, § 716; and it shall be granted in favor of parents for the protection of infants, &c. *Id.*, p. 197, § 737.

As this decree stood, it was conclusive, between the parties thereto, upon the point here attempted to be again tried, namely, that after four years from the rendition thereof, it was to the interest of the child to be under the care of its father; for it is to be presumed the Court looked to that interest, in awarding the custody, and not to the mere gratification of the parents. Bish. on Mar. and Div., § 636, and

authorities cited. Such being the condition of affairs, it would seem that the Common Pleas had authority to lend its aid in enforcing this decree, but could make no inquiry which might result in a failure to so enforce it.

The decree was subject to modification, or it was not. If not, then it must, if required, be carried out. If it was, then, if neither party has sought, in the proper manner, to procure a modification, if there is sufficient reason therefor, it follows that, if there is any apparent hardship upon such party, it is the result of that party's own negligence.

DAVISON, J., dissents from the above opinion.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. M. Franklin*, for the appellant.

*J. H. Martin*, for the appellee.