*H. W. Chase, J. A. Wilstach, J. R. Coffroth, T. B. Ward,* and *J. A. Stein,* for appellees.

---

## Bush *v.* Bush.

DIVORCE.—*Custody of Children.*—In granting a divorce, the court has the power to decree the custody of the minor children, or any of them, to the party most suitable, considering the sex and age of the children and qualification of the parties.

SAME.—*Provision for Children.*—It is the duty of the court on granting a divorce, where there is property, to make reasonable provision for the care and custody of any children of the marriage.

SAME.—*Alimony.*—Where there is an estate of twenty thousand dollars, accumulated during the marriage by the joint efforts of husband and wife, a fourth in value given to the wife is not unreasonable, where the divorce is granted for the misconduct of the husband.

APPEAL from the Boone Common Pleas.

BUSKIRK, J.—The appellant filed a complaint in the court below against the appellee for a divorce. The appellee answered the complaint by a denial, and filed a cross complaint for divorce, alimony, and the custody of the female minor children. The appellant denied the allegations of the cross complaint.

The cause was tried by the court, and resulted in a finding in favor of the appellee upon the charges of misconduct contained in the original complaint, and that the appellant

Bush *v.* Bush.

had been guilty of cruelty toward his wife, and that she was entitled to a divorce therefor. The court decreed a divorce to the appellee, and gave her the care and custody of the four female minor children, and gave the appellant the care and custody of a minor son. The court also decreed the appellee five thousand dollars of alimony, and one hundred dollars a year for each of the children placed in the care of the appellee, until they should respectively arrive at the age of eighteen, subject to any modification that might be made upon application of either party.

The court overruled a motion for a new trial, to which the appellant excepted.

The first error to which our attention has been called is the action of the court in overruling a motion to strike out parts of the cross complaint, but the question is not presented by a bill of exceptions, and, therefore, constitutes no part of the record, and no error can be assigned thereon.

The next error assigned is the overruling of the motion for a new trial. It is earnestly maintained that such ruling was erroneous for several reasons:

First, that the finding of the court was not sustained by, but was contrary to, the evidence.

The evidence is properly in the record. It covers seventy-four pages. We have read it with great care and attention, as we have the very able and lengthy briefs of the counsel, and we are entirely satisfied that the finding of the court upon the question of divorce is fully sustained by the evidence. We have not deemed it necessary to set out, in this opinion, the charges made against each other by the parties to this action; nor do we think that any good would result to the profession or society by setting out the evidence that was admitted to sustain such charges.

It is next insisted that the court possessed no power to decree the custody and care of the minor daughters to the appellee. We think otherwise. Section 21 of the divorce law provides, that "the court in decreeing a divorce shall make provision for the guardianship, custody, and support

and education of the minor children of such marriage." 2
G. & H. 353. It has been held by this court, in several cases,
that it is the imperative duty of the court, in decreeing a
divorce, to make provision for the guardianship, custody,
support, and education of the minor children. *Rice* v. *Rice*,
6 Ind. 100; *Whitsell* v. *Mills*, 6 Ind. 229; *Rourke* v. *Rourke*,
8 Ind. 427; *Williams* v. *Williams*, 13 Ind. 523; *Cox* v. *Cox*,
25 Ind. 303; *Ewing* v. *Ewing*, 24 Ind. 468; *Hyatt* v. *Hyatt*,
33 Ind. 309.

It is next claimed that the court erred in giving the care
and custody of the minor daughters to the mother. It is in-
sisted that it is demonstrated, by the evidence, that Mrs.
Bush was an unfit and improper person to have the care and
custody of her minor daughters. This family controversy
does not differ, in one respect, from all others that have come
under our observation, and that is, that it makes no differ-
ence who was in fault in the beginning, the other party is
frequently in the wrong before it ends. The evidence shows
that Mrs. Bush was not blameless by any means. But con-
sidering all the evidence, the sex and ages of the children
assigned to her care, we are satisfied that the court below
acted wisely and discreetly in giving the custody of the
daughters to the mother, instead of the father. This order
is subject to the control of the lower court, and may be
changed upon good cause shown.

It is next maintained, with great earnestness, that the
court erred in its decree for alimony. It is claimed that the
alimony is too large.

Section 19 of the divorce act (2 G. & H. 353) provides,
that "the court shall make such decree for alimony in all
cases contemplated by this act as the circumstances of the
case shall render just and proper." What are the circum-
stances surrounding this case? The parties were married in
1846, and lived together as husband and wife until 1870.
When they were married, they were both young and very
poor. Shortly after their marriage, the father of Mrs. Bush
gave to Mr. Bush forty acres of land, upon which they set-

tled and erected a home. During the marriage, twelve children were born, nine of whom are living. When the separation took place, the appellant was worth at least twenty thousand dollars. The counsel for appellant admit, in their brief, that he was worth that sum, while the counsel for the appellee insist that he was worth several thousand dollars more. This accumulation of property was the result of the joint labor, industry, and economy of husband and wife. The evidence shows that the real estate of the appellant was worth about seventeen thousand .dollars. The decree for divorce deprives Mrs. Bush of any interest in these lands, or in his personal estate. The counsel for the appellant, in their brief, lay down this proposition of law: "When the husband causes the separation, the rule is to put the wife in a condition not worse than if he had died. · To give her less would be permitting the husband to profit by his own wrong." It is due to the counsel for the appellant that it should be stated that the above proposition was made on the theory that the wife had been kind and faithful and had not caused the separation, and that it was contended that under the proof in this case the appellee was only entitled to a bare support.

The court found that the appellee was not guilty of the charges made against her, and that the appellant was guilty of a part of the charges made against him, and we are satisfied that the evidence abundantly and conclusively showed that he was guilty of other charges preferred against him. Then the ·husband caused the separation. If he was dead, she would be entitled to one-third of his real estate, and five hundred dollars worth of the personal estate as against the heirs and creditors, which would be far more than the amount decreed to her by the court. If the divorce had been decreed for the fault of the appellee, it would have been the duty of the court to have made reasonable provision for her comfortable support. The statute not only requires the court, on decreeing a divorce, to provide for the guardianship and custody of the minor children, but for their support and edu-

cation.   The provision made for the support and education of the minor daughters was not unreasonable.   Certainly it was not excessive.   It will not pay for their clothing and education.

We are clearly of the opinion that the court committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.

*J. T. Dye, A. C. Harris, C. C. Galvin,* and *C. S. Wesner,* for appellant.

*T. Patterson, A. J. Boone,* and *R. W. Harrison,* for appellee.