Lewis *v.* Rapelyea.

SAME TERM.   *Before the same Justice.*

LEWIS *vs.* RAPELYEA.

Where more than two terms have elapsed since the giving of a cognovit by the defendant, and the plaintiff has died in the meantime, the court has no power to allow a judgment to be entered thereon.

THE plaintiff having commenced an action of assumpsit against the defendant, the latter gave a cognovit for the amount claimed. The plaintiff subsequently died, without having entered up judgment upon the cognovit; and the defendant refuses to allow judgment to be entered thereon, in favor of the plaintiff's personal representatives.

*S. F. Clarkson,* for the personal representatives, moved that judgment be entered in the name of the plaintiff: citing *Ryghtmyre* v. *Raymond,* (12 *Wend.* 245;)  *Spalding* v. *Congdon,* (18 *Id.* 543;)  *Gurney* v. *Parks,* (1 *How. Special Term Rep.* 140.)

EDMONDS, J.  The rule applied for cannot be granted. The only relief which could be granted would be to allow judgment to be entered in the name of the original parties. But that is a right conferred by statute, (2 *R. S.* 387, § 4,) and can only be exercised within *two* terms after plea of confession. This plea was put in last October; and more than two terms having passed, the court has no power in the matter.

Motion denied.