### SHAW and Another *v.* WOOD and Another.

That a promissory note is dated at *Cincinnati*, is not sufficient evidence that it was made in *Ohio*.

*Semble*, that the *lex fori* furnishes, *prima facie*, in all cases, the rule of decision; and that if either party wishes the benefit of a different rule or law, he must aver and prove it.

The statute of 1853 with regard to impanneling petit jurors, does not repeal or vary that of 1852 authorizing the court to direct the sheriff to summon a jury from the bystanders, when the regular panel has been discharged.

A court may correct a computation made by a jury and return it to them in the box, instructing them to reconsider it; and the jury may there correct it and return their verdict accordingly.

APPEAL from the *Randolph* Circuit Court.

PERKINS, J.—Suit upon a note which we copy.

"$583,65. *Cincinnati, February* 26, 1853. Four months after date, we, the subscribers, of *Winchester*, county of *Randolph*, State of *Indiana*, promise to pay to the order of *Woods* and *Wells*, without any relief whatever from valuation or appraisement laws, value received, payable at • • • • • • *A. & I. M. Shaw.* Due *June* 26th.

"Received, *June* 29, 1853, two hundred dollars, $200. Received *October* 25, 1853, fifty dollars, $50."

Answers of payment, failure of consideration, &c., upon which isues were taken. Trial by jury; judgment for plaintiffs, and for its collection without relief, &c.

The appellants contend that as the note was made in *Ohio*, and·did not specially waive the valuation laws of *Indiana*, the Court should not have rendered judgment without relief, &c.

The only evidence that the note was made in *Ohio* is the fact that it is dated at *Cincinnati*, that is not sufficient. We do not know what *Cincinnati* that is. *Hutchins* v *Hanna* and another, at this term (1).

We rest the branch of the case now under consideration, on this point, and decide no other, but, by way of suggestion, take leave to remark that no law of *Ohio* was proved in the case, and, hence, the Court, probably, would necessarily act upon the law of our own State. In *Monroe* v. *Douglass*, 1 Selden, 447, it is said to be "a well settled rule, founded on reason and authority, that the *lex fori*, or in other words, the laws of the country to whose courts a party appeals for redress, furnish, in all cases, *prima facie*, the rule of decision; and if either party wishes the benefit of a different rule or law, · · · · · · he must aver and prove it." See, also, 15 Maine (3 Shepley), 470.—1 Doug. (Mich.) 379.—6 B. Monr. 579.—3 Barb. 20.—1 Texas, 203.

In 15 Maine, 147, it is held that the common law is not necessarily presumed in force in the different States of the *Union*. See, *Doe* v. *Collins*, 1 Ind. R. 24.

In *McCormick* v. *Garnett*, 27 Eng. L. and Eq. Rep. 339 it is held that a foreign law, proved in one case in a court, will not necessarily be acted on by that court in other cases therein; but it seems to have been decided that if a jury act upon a foreign law without its being proved, the judgment will not, for that cause, be set aside by the court, if the law was rightly applied. 15 Conn. R. 539. We have thrown in these references, simply for future convenience, not as particularly ap-

plicable in this case. Here, the note, had it even been made in *Ohio*, stipulated for a waiver of appraisement laws. Our laws authorize notes with such stipulations, and judgments upon them accordingly. It was not shown that the laws of *Ohio* were different. See *Little* v. *White* and another, 3 Ind. R. 544. Perhaps the waiving would have been operative in this State, even had the laws of *Ohio* been different. Besides, in this case, the note seems to have been made payable in *Indiana*.

No point is made on the informality in its execution.

To try the cause, a jury was summoned from among the bystanders, the regular panel having been discharged. The statute of 1852 authorizes such a proceeding, and the statute of 1853, which is merely supplementary to that of 1852, does not repeal or vary the latter, touching this point. See Laws of 1853, p. 82.

But one more point is made by counsel in the brief filed. It is this: When the jury returned their verdict, the Court, on inspecting it, discovered a clerical error in computing the amount due on the note, and suggested it to the jury. The Court made a computation, and handed the paper containing it to the jury, telling them to examine it, and to go over the computation again themselves, and if they found their former one erroneous to correct it. The jury then calculated anew the interest upon the note, deducted payment, &c., and returned a verdict different by some seven dollars from the first. This was done in the jury box.

We think there was no error in this. See *Noble* v. *Epperly*, 6 Ind. R. 468; *Hall* v. *The State*, at the present term (2).

*Per Curiam.*—The judgment is affirmed with 2 per cent. damages and costs.

*B. McClelland*, for the appellants.

*S. Colgrove O. P. Morton*, for the appellees.

(1)  *Post*, the last case at this term.
(2)  *Ante*, 439.