ROSE *v.* THE PRESIDENT, &C., OF THE THAMES BANK.

ROSE
v.
THE PRESI-
DENT, &C., OF
THE THAMES
BANK.

The contract of indorsement of a promissory note is governed by the law of the State where the indorsement is made.

If there is no evidence to show where the indorsement was made, or where the note was delivered, the contract is presumed to have been made in this State, and this as well where the payee is a foreign corporation as a natural person.

Tuesday,
December 11.

APPEAL from the *La Porte* Circuit Court.

WORDEN, J.—Suit by the bank as indorsee, against *Rose* as indorser, of a promissory note. The bank was shown to be a corporation created by the laws of the State of *Connecticut.* The note sued upon reads as follows, viz:

"$5,000. *Norwalk, June* 29, 1857.

"Three months after date I promise to pay to the order of *D. G. Rose*, Esq., five thousand dollars, at the *Hartford* bank, *Hartford, Connecticut.* Value received.

(Signed,) "*Peter Latimer.*"
(Indorsed,) "*D. G. Rose, La Porte, Indiana.*"

One paragraph of the complaint alleged that the note was made and indorsed in *Ohio;* and another paragraph alleged the making and indorsement generally, without stating where. Both paragraphs rely upon the law of *Connecticut* as governing the contract of indorsement. The cause was tried upon issues formed, by general denial, and upon answers setting up, among other things, that the note was made and indorsed in *Indiana.* Finding and judgment for the plaintiff below, a new trial being denied.

The main question arising in the case is whether the contract of indorsement is to be governed by the law of the State where it was made, or by the law of that where the note was payable. This point has been settled in favor of the appellant, in the case of *Standart* v. *Hunt,* at this term.

There was no evidence, other than the note itself, to show where it or the indorsement was made, or where the note was delivered by the payee and indorser to the plaintiff. In such case the contracts are presumed to have been made in

this State. *Shaw* v. *Wood*, 8 Ind. 518; *Hutchins* v. *Hanna, id.* 533. The presumption in this case, as to the indorsement, is strengthened by the fact that immediately following the indorser's name on the note, are the words "*La Porte, Indiana.*"

The appellee insists, however, that as *Rose* indorsed the note directly to the plaintiff, and as the plaintiff was a corporation located in *Connecticut*, the note will be considered as having been delivered in *Connecticut*, and the contract of indorsement, therefore, governed by the law of that place. We are unable to perceive any difference between a corporation and a natural person in this respect. A corporation must necessarily transact her business through agents, who transact business for their principal, as well out of, as in, the State in which the corporation is situated.

We are unable to perceive any legitimate ground on which the judgment below can be sustained.

*Per Curiam.*—The judgment is reversed, with costs.

*James Bradley* and *D. J. Woodward,* for appellant.

*J. B. Niles,* for appellees.