## SEARS v. DESSAR.

INFANT.—HABEAS CORPUS.—In suit by a mother to recover the custody of
her infant child, when her right to such custody has been before declared
by a decree in an action for divorce, a copy of the decree need not be filed
with her petition.

SAME.—RETURN.—A return to a writ of *habeas corpus*, which disclosed that
recently before the issuing of the writ the custody of the child in contro-
versy had been transferred to another, was held to be bad, because it did
not disclose the reason for such change.

APPEAL from the *Hendricks* Common Pleas.

RAY, J.—The appellee filed her petition for a writ of *ha-
beas corpus* to obtain the custody of her infant child, alleged
to be unlawfully detained by the appellant. The petition
avers that the appellee had obtained a divorce from her for-
mer husband, one *Fawkner*, and in the decree the custody
of the child had been given to her. The writ was issued
on the 23d day of *September*. On the next day a return was
made to the writ, denying that the appellant had the cus-
tody of the child on the 23d day of *September*, or since, and
averring that the child was then with one *Henry Armstrong*,
in *Montgomery* county, and had been in such custody since
the 21st day of *September*, wherefore appellant could not
produce the infant as commanded by the writ. The return
also stated that the child's reputed father was living, and
that the appellee was not a suitable person to have charge
of the child. Exceptions were taken to this return, and
were sustained, and the appellant ordered to deliver up the
child to the petitioner,

It is objected that the petitioner did not file a copy of the
decree of divorce with her petition. Her right to the cus-
tody of her child as against the appellant grew out of her re-
lationship to it, and not out of the decree. In no case would
it have been necessary to file a copy of the decree. We
regard the return as plainly defective in that it fails to state

the reason for the change of persons having the custody of the infant, as the statute requires. Had the return complied with this requirement, it might have disclosed that the object had been to avoid the expected process of the court, and called for the exercise of a power which would perhaps bring the child again within the jurisdiction of the court.

The order is affirmed, with costs.

*C. C. Nave*, for appellant.

*J. V. Hadley*, for appellee.