Baily v. Schrader.

BAILY v. SCHRADER. [1]

JURISDICTION.—*Special Appearance*.—The question whether jurisdiction of the person of the defendant in a civil action has been acquired by the court can be raised in such action, not by an attorney as *amicus curiæ*, but only by a special appearance; and the better practice is to present it by plea in abatement.

SAME.—*Divorce*.—*Custody of Children*.—Where in a suit for a divorce, the court having jurisdiction of the subject matter and of the parties, an order has been made granting the custody of the children of the marriage to one of the parties until the further order of the court; afterwards, in an application to change said order, the court retains its jurisdiction of the subject matter and of the parties, without reference to change of residence.

APPEAL from the Montgomery Common Pleas.

BUSKIRK, J.—The appellant filed in the court below his petition, praying the court to change an order of that court, rendered in a proceeding for a divorce between the parties to this action, in reference to the custody of their children. The substantial facts alleged in the petition are these: that the petitioner was the father, and the defendant was the mother, of Joseph A. and Francis A. Baily, both of whom were minors; that when the said children were born, the petitioner and defendant were husband and wife; that at the June term, 1863, of the Montgomery Common Pleas Court, the defendant obtained a decree of divorce and for the care and custody of the said children until the further order of said court; that said defendant had, subsequent to said divorce, contracted another marriage; that she is no longer a proper and suitable person to have the care and custody of the said children; that she has contracted, by illicit intercourse, the venereal disease, and has become vulgar and profane; that she is cruel in her treatment of said children; and that she is entirely neglecting the moral and intellectual training of the said children. The prayer of the petition was, that the court should modify and change the decree of the court in reference to the care and custody of the said children. Upon the filing of the petition, a summons was issued, which was served upon the defendant in the county of

Putnam, by the sheriff of said county.  We are informed by the record, that John M. Butler, Esq., an attorney of the said court, as a friend of the court, moved to dismiss the writ and petition for the reason that the defendant was a resident of Putnam county, in the said State, and that for that cause the court had no jurisdiction of the person of the defendant or of the subject matter of the said petition, and this motion was sustained, to which ruling the appellant excepted.

The correctness of this ruling is the only question submitted for our decision.   There was neither a special nor general appearance made for the defendant.   The question of whether the court had acquired jurisdiction of the person of the defendant could only be raised by a special appearance, and the better practice would be to present it by plea in abatement.   But we prefer to rest our decision on the merits. The common pleas court of Montgomery had acquired jurisdiction of the persons of the parties, and of the subject matter of the proceeding for a divorce.   The court rendered a provisional decree as to the custody of the children, but that decree was binding and conclusive upon the parties as long as it stood.   This court held, in *Williams* v. *Williams*, 13 Ind. 523, that "under the statute, the care and custody of the children of the marriage was a proper question for the court, in decreeing a divorce, to pass upon; and having so done, that adjudication cannot be collaterally inquired into, it is manifest."   A party seeking to enforce the decree might rely upon it in any collateral proceeding, but it could not be avoided or set aside in such proceeding.   The proper remedy is to apply to the court that made the decree, to change or modify; and we think that the court retained jurisdiction of the parties, without reference to any change of residence, and of the subject matter.   We think the application was properly made, and that the court had jurisdiction of the parties and subject matter, and that the court erred in dismissing the petition.

Judgment reversed, with costs, and cause remanded, with directions to the court below to set aside the order dismiss-

ing the proceeding, and for further proceedings in accordance
with this opinion.

*S. C. & L. B. Willson,* for appellant.

*J. M. Butler,* for appellee.