Joab *et al. v.* Sheets.

No. 11,306.

## JOAB ET AL. *v.* SHEETS.

HABEAS CORPUS.—*Practice.*—Where exceptions are sustained to the return to a writ of *habeas corpus*, and no further return is made, the verified petition for the writ showing facts sufficient, the prisoner may be discharged from restraint without further evidence.

DIVORCE.—*Custody of Children.*—Where, upon granting a divorce, the custody of a child is given to the wife, with directions forbidding its removal from the court's jurisdiction, a disregard of such directions does not *per se* give the father a right to such custody.

From the Superior Court of Vigo County.

*I. N. Pierce, C. F. McNutt, J. G. McNutt, S. C. Davis, S. B. Davis, T. W. Harper, S. R. Hammell* and *M. M. Joab,* for appellants.

*S. C. Stimson* and *R. B. Stimson,* for appellee.

NIBLACK, J.—This was a proceeding upon a petition for a writ of *habeas corpus*, which was filed in the court below on the 4th day of September, 1883.

The petition, which was supported by the oath of the petitioner, stated that at the March term, 1883, of the superior court of Vigo county, she, under the name of Alice H. Joab, applied for a divorce from her husband Michael M. Joab, and that, on the sixty-second judicial day of said term, that is to say, on the 15th day of May, 1883, a divorce was decreed to her, and the bonds of matrimony theretofore existing between her and the said Michael M. Joab were thereby dissolved; that the custody of Albert Joab, the infant son of the plaintiff, and defendant in that suit, was awarded to the petitioner by the court, and her name was changed from Alice H. Joab to Alice H. Sheets; that the said Michael M. Joab had, since the order and decree concerning the custody of said infant child had been entered, as above stated, unlawfully and with force and violence, taken said infant child, then about two years and eight months old, from the custody of the petitioner and placed him under the care of Columbus Joab and

Meda Joab, made co-respondents with him, the said Michael, by all of whom said infant child was restrained of his liberty in the city of Terre Haute, in said county of Vigo.

A writ of *habeas corpus*, directed to the respondents, and appellants here, was issued, and, after bringing the child into court, the respondents moved to quash the writ for the alleged insufficiency of the petition, but their motion was overruled.

They then made return to the writ that the said Michael M. Joab, in whose right the child was detained, was the father of said child; that the decree of divorce, mentioned in the petition, awarded to the petitioner the custody of such child only until the 15th day of December, 1885, after which such custody was to be transferred to the said Michael, as the father of the child; that, in the mean time, the petitioner was prohibited from taking the child out of the jurisdiction of the court without the court's leave; that while the child remained in the custody of the petitioner, the privilege of visiting and taking him out riding or walking, at all reasonable hours, for not more than a half day at a time, was expressly reserved to the said Michael by one of the provisions of the decree of divorce; that afterwards, and while she was in possession of said child under said decree, and in utter disregard of the inhibition imposed by it, the petitioner carried the child out of the jurisdiction of the said superior court of Vigo county, and so detained the same for a period of ten days, without the leave of said court, whereby the said Michael was unlawfully deprived of the privilege of visiting and enjoying the society of his said child for that space of time; that afterwards, on the 16th day of August, 1883, the petitioner, having deliberately planned and arranged to remove the child out of Vigo county, and into the State of Illinois, without leave of court, with the intention of residing in that State with the child for an indefinite time, and with the intention of depriving the said Michael of the privilege of visiting said child without great trouble and inconvenience, proceeded with the child to the Union depot in the morning

about 7 o'clock, and went on board of a train of cars which was then about to leave for the said State of Illinois; that the said Michael, having a short time previously heard of the petitioner's intention of leaving this State and taking the child with her, went also on board of said train when it was on the point of starting, and without force or violence took said child into his own custody, and has ever since retained the custody thereof in said county of Vigo, taking proper care of such child, and making suitable provision for his comfort and maintenance; that, at that time, the judges of the circuit and superior courts of Vigo county, respectively, were both absent from said county, and neither one of said courts was in session; that the taking and detention of said child by the said Michael, as above stated, was the taking and detention complained of by the petitioner; that, by reason of the premises, the petitioner had forfeited all right to the custody of the child, and that, in consequence, the said Michael, as the father thereof, had become entitled to the care, control and guardianship of the same.

The petitioner excepted to the return, for alleged insufficiency of the facts to constitute a cause for the further detention of the child by the respondents, and the court sustained her exception.

The respondents declining to make further return to the writ, the court, without requiring or hearing any evidence to sustain the allegations of the petition, ordered that the child Albert Joab be discharged from the custody of the respondents and restored to the petitioner. The respondents thereupon immediately prayed an appeal to this court, and, without surrendering the possession of the child, tendered an appeal bond for the approval of the court. The petitioner objected to the approval of the appeal bond, or to the respondents being otherwise permitted to consummate their appeal, until the child was surrendered to her in compliance with the order of the court, but the court overruled the petitioner's objection, and approved the appeal bond.

The respondents, appealing, have assigned errors upon the record which may be reduced to three specifications:

*First.* Error in overruling the motion to quash the writ of *habeas corpus.*

*Second.* Error in sustaining the exception to the return to the writ.

*Third.* Error in ordering the discharge of the child from the custody of the appellants, without requiring the production of evidence to sustain the allegations of the petition.

The only objection urged to the sufficiency of the petition is, that no copy of the decree of divorce was filed with it. But, while a judgment or decree may be considered and treated as a contract between the parties for some purposes, neither one is a written instrument within the meaning of section 362 of R. S. 1881, and hence no copy need be filed with a complaint based upon, or to enforce, a judgment or decree. *Sears* v. *Dessar,* 28 Ind. 472; *McSweeney* v. *Carney,* 72 Ind. 430; *Goble* v. *Dillon,* 86 Ind. 327 (44 Am. R. 308). We see nothing in this case which ought to take it out of the general rule recognized by the authorities cited, and, for that reason, we assume that the court did not err in overruling the motion to quash the writ of *habeas corpus.*

In support of the second specification of error, it is claimed that the facts stated in the return to the writ showed that the appellee had, by her disregard of the order of court prohibiting her from taking the child out of its jurisdiction, and her planning to still further disregard such order, forfeited her right to the custody of the child; that, at all events, as the appellee was first at fault, she was, and still is, not, on equitable principles, as illustrated by the case of a suit for a specific performance of a contract, in a position to enforce against her late husband, as the defendant in the divorce suit, a strict compliance with the terms of the decree concerning the custody of the child.

In reply to that argument, it may first be said that this was a proceeding to enforce a strictly legal right, and hence one

to which distinctly equitable principles did not apply.   In the next place, the question of the custody of the child was one in which the rights of the child were primarily involved, and where those of his parents were of secondary consideration merely.   Church *Habeas Corpus,* section 442 and notes to sections 444 and 446.

The court, as incidental to the proceedings for a divorce, made an order fixing the *status* of the child as between his parents, and prescribing definite directions as to the details of his custody.   That order was made presumably for the child's benefit, and was, and still is, one which he is entitled to have executed in all its details.   It also became a binding order upon the parties to the divorce suit until modified or set aside, for cause shown, by some subsequent or supplemental proceedings in the same cause.   *Williams* v. *Williams,* 13 Ind. 523; *Baily* v. *Schrader,* 34 Ind. 260; *Bush* v. *Bush,* 37 Ind. 164; *Sullivan* v. *Learned,* 49 Ind. 252; Church *Habeas Corpus,* sections 387, 450.

Lastly, there is a manifest difference between the existence of facts upon which a forfeiture might be declared, and the judicial declaration of a forfeiture upon proceedings instituted for the purpose of obtaining such a declaration.   The alleged misconduct of the appellee in having disregarded, and in planning for the further disregard of some of the provisions in the decree of divorce, concerning the custody of the child, might have afforded some reason for the modification of, or some change in, those provisions in a direct proceeding to that end, but it did not of itself work a forfeiture of any of the appellee's rights or responsibilities under the decree.   Conceding the truth of the alleged misconduct on her part, it made the appellee simply and only liable to an attachment for a contemptuous disregard of the authority of the court granting the decree of divorce, and to be dealt with as is usual in similar cases of contempt for refusing to comply with orders of court. *DeManneville* v. *DeManneville,* 10 Vesey Jr. 52; *Whittem* v. *State,* 36 Ind. 196; *Cook* v. *Citizens Nat'l Bank,* 73 Ind. 256.

The court did not, therefore, err in sustaining the appellee's exception to the return of the appellants to her petition.

At the hearing in a *habeas corpus* case the court acts summarily upon the facts before it, whether admitted by the pleadings or established by evidence, and even *ex parte* affidavits are sometimes treated as, or received in, evidence in such a case on account of the summary nature of the proceeding. The petition in this case, having been verified by the oath of the appellee, made a sufficiently strong *prima facie* case to entitle her to have a writ of *habeas corpus* issued to the appellants, and to require them to answer as to facts charged by her.

When, therefore, the appellants refused to make further return to the writ, it was the equivalent of an admission, on their part, that all the facts were before the court, and that they were consequently unable to add anything material to what had been already stated by the parties respectively.

Under such circumstances, the court was justified in deciding summarily, and in ordering the discharge of the child from the custody of the appellants, without requiring formal proof to support the allegations of the petition. R. S. 1881, section 1117. Besides, we think it may be safely stated, as a rule of practice in *habeas corpus* cases, that where the respondent failed to deny, or to otherwise controvert the matters charged in the petition, the court may summarily render judgment against him upon the theory that the sworn statements of the petition are in legal effect admitted to be true.

There might be cases arising which would necessarily constitute exceptions to this rule, but none such occur to us at the moment as likely to arise. We must not by this, however, be understood to mean that the court may not, in any case, compel a return to be made to a writ of *habeas corpus*, when necessary to get all the facts before the court, or for the proper administration of justice in any respect.

The appellee has assigned cross error upon the action of the court in approving the appeal bond, and permitting the

appellants to perfect their appeal, without first surrendering the possession of the child, as ordered by the court.

Whether this cross error would have, in any event, presented any practical or material question for our consideration, we need not now inquire, as the view we have taken of the case in other respects renders such an inquiry unnecessary. We may remark, however, that pending the preliminary examination of the cause, as well as during the hearing, the child was, in legal contemplation, in the custody of the court, and at all times subject to its order from day to day, and that hence the fair inference is that the child was still under the control of the court, though actually in the possession of the appellants at the time the appeal bond was approved. Hurd Habeas Corpus, 304, 319; Garner v. Gordon, 41 Ind. 92.

The judgment is affirmed, with costs.

Filed Nov. 25, 1884. Petition for a rehearing overruled March 12, 1885.