# HARDIN v. HARDIN.

[No. 20,909.   Filed April 23, 1907.]

1. HABEAS CORPUS.—*Motion to Quash.*—A motion to quash the writ of *habeas corpus* tests the sufficiency of the application therefor.   p. 355.

2. JUDGMENT. — *Divorce.* — *Binding Force, in Sister State.*—A decree divorcing the parents and providing for the custody of the children, rendered by a sister-state court, having jurisdiction of the subject-matter and of the parties, will be given full force and effect in the courts of this State.   pp. 356, 359.

3. PLEADING. — Complaint. — Sister-State Judgment. — Jurisdiction.—A complaint founded upon rights growing out of a sister-state decree must show that the court rendering same had jurisdiction of the subject-matter and the parties. p. 357.

4. SAME. — Complaint. — Sister-State Judgment. — Exhibits. — —While it is not necessary to attach a sister-state decree as an exhibit to a complaint founded upon rights determined in · such decree, still, such exhibit, in the absence of an allegation of the jurisdiction of such court, might enable the court to determine that such sister-state court had general jurisdiction, and therefore jurisdiction of the subject-matter of such suit. p. 358.

5. SAME. — Complaint.—Sister-State Judgment.—Allegations of Jurisdiction.—A complaint asserting rights founded upon the decree of a sister-state court of special jurisdiction should allege that such judgment was "duly" rendered or given. p. 359.

6. HABEAS CORPUS.—Collateral Attack.—Custody of Child.—In a habeas corpus proceeding, the plaintiff, having the right of custody of an infant for one week out of every three, by virtue of a sister-state decree, cannot succeed while demanding the unconditional release of such infant. p. 359.

From Hendricks Circuit Court; *Thomas J. Cofer,* Judge.

*Habeas corpus* by William H. Hardin against Lora Hardin. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*George W. Brill* and *George C. Harvey,* for appellant. *Solon A. Enloe* and *Otis E. Gulley,* for appellee.

JORDAN, J.—On May 17, 1906, appellant applied to the Hendricks Circuit Court for a writ of *habeas corpus.* In his verified complaint he alleges that he "is the grandfather of Mills Hardin, a minor child of the age of five years, to whose custody and possession he is rightfully entitled; * * * that defendant, Lora Hardin, has wrongfully seized the body of said child and removed him from the state of Kentucky, and now illegally and without cause . restrains him in the town of Danville, Hendricks county, Indiana, and wrongfully deprives this petitioner of the

custody and possession of said child, by forcibly confining and restraining him in and about the residence of said Lora Hardin; that said restraint is unlawful and without cause or right; that on May 15, 1903, in the McLean Circuit Court, in the state of Kentucky, said Lora Hardin obtained a judgment for divorce against Mark L. Hardin, * * * and for the care and custody of said infant child, Mills Hardin," which care, control, and custody of said child she was to have subject to the further order of said court.

It was further ordered by said court that said Mark L. Hardin should be permitted to have a reasonable opportunity to see and associate with said child. It is further alleged that "on September 22, 1903, said Mark L. Hardin served written notice upon said Lora Hardin that he would move at the aforesaid court for an order to be permitted to see and have the custody of said child, at such reasonable times as the court might prescribe; that this notice was properly served upon said Lora Hardin, and the service thereof by her accepted.

The complaint then alleges that on September 28, 1903, the judge of said McLean Circuit Court modified said order as to the care, custody, and control of said infant child, in this respect, that "this petitioner should have the custody of said child for one week in every three weeks for and on behalf of said Mark L. Hardin; that Samuel H. Mills and said defendant, Lora Hardin, should have the custody of said child two weeks out of every three weeks, and that the parties should have alternately the custody of said child for the periods aforesaid, until the further order of the court;" that in December, 1903, said defendant, Lora Hardin, in violation of the order and judgment of said court—"which is still valid and subsisting, and has never been set aside, rescinded, or appealed from—and without authority from or permission of said court, or from this petitioner, removed said child from Kentucky and

beyond the jurisdiction of said court, and has ever since, and does now deprive the petitioner herein of the possession of said infant;" that the petitioner is a man of ample means, able to provide a home for such infant and supply it with all the necessaries of life, and is a fit person to have the care and custody thereof. The complaint closes with a prayer that a writ of *habeas corpus* be granted to the plaintiff, and that defendant be required and ordered to deliver up the custody of said child to the petitioner, and that it be delivered from said unlawful restraint. Upon this com-. plaint a writ of *habeas corpus* was issued, directed to the defendant, commanding her to have the body of Mills Hardin before the judge of the Hendricks Circuit Court on May 21, 1906, at the hour therein named, at the courthouse at the town of Danville, to do and receive what should be ordered concerning him. The sheriff, it appears, made return to the writ, showing the service thereof on defendant. In obedience to the command of the writ defendant appeared in the lower court and filed a

1. motion to quash the writ, as follows: "Comes now the defendant in the above-entitled cause by Solon A. Enloe and Otis E. Gulley, her attorneys, and moves to quash the writ issued herein, for the following reasons, to wit: (1) The plaintiff has no legal capacity to institute this action; (2) There is no certified copy of the decree or modified decree of the circuit court of McLean county, Kentucky, in the case of Lora Hardin v. M. L. Hardin attached to the complaint or petition as an exhibit thereto; (3) Said petition is insufficient to justify or authorize the issuing of the writ under the law of Indiana, and said writ was improvidently issued." This motion was sustained, to which plaintiff excepted, and refused to plead further, whereupon judgment was rendered against him. He appeals, and assigns as error that the court erred in sustaining the motion to quash the writ. That the motion to quash

tested the sufficiency of the complaint is well settled by the decisions of this court. *Schleuter* v. *Canatsy* (1897), 148 Ind. 384, and cases cited.

It will be noted that appellant, in his complaint, alleges that he is the grandfather of the child in controversy.

2. While the complaint does not expressly show that the appellee is the mother of the child in question, nevertheless, from the facts therein averred, the inference reasonably and naturally arises that she is. Apparently, therefore, whatever right, if any, appellant may have to the custody of the child, is, as against the appellee, predicated on the decree of the McLean Circuit Court, whereby, as averred, its custody was awarded to appellant for the time as alleged and shown in the complaint. It is disclosed that by the Kentucky court appellee was awarded a decree of divorce from Mark L. Hardin, and the court gave her the care and custody of the infant child, Mills Hardin, subject to its further order. Subsequently, however, upon notice to her, the court modified its order in respect to the custody of the child to the extent that appellant should, on behalf of said Mark L. Hardin, have the custody thereof for one week out of every three weeks, and that appellee and Samuel H. Mills should have the custody of the child for two weeks out of every three weeks, until the further order of the court. The complaint then alleges that she, in violation of the judgment and order of the court and without authority or permission therefrom, and without permission from appellant, removed said child from Kentucky and beyond the jurisdiction of the McLean Circuit Court and deprived appellant of the possession thereof. Appellant's counsel contend that, under the judgment of the McLean Circuit Court, appellant had the right and was entitled to the custody of the child. They argue that by §1, article 14, of the federal Constitution full faith and credit must be accorded to the judgment of the Kentucky court by the courts

of Indiana, that so long as that judgment stands it must be held to be binding on the parties, and that thereby the right to the custody of the child involved in this action is fixed and determined. It is true that a decree rendered, divorcing a husband and wife and providing for and settling the care and custody of their child or children, by a court of a sister state having jurisdiction of the subject-matter and the parties thereto, in the absence of any fraud affecting the jurisdiction in the particular case, will be given or accorded full force and effect by the courts of this State. *Hood* v. *State* (1877), 56 Ind. 263, 26 Am. Rep. 21; *Watkins* v. *Watkins* (1890), 125 Ind. 163, 21 Am. St. 217; *Hilbish* v. *Hattle* (1896), 145 Ind. 59, 33 L. R. A. 783; *Middleworth* v. *McDowell* (1875), 49 Ind. 386. In fact, §1061 Burns 1901, §1049 R. S. 1881, declares that "a divorce decreed in any other state, by a court having jurisdiction thereof, shall have full effect in this State."

In further support of the general rule that a decree of divorce, dissolving the marriage relation of the parties and therein determining and fixing the custody of the children of such marriage, when rendered in accordance with the laws of another State, by a court thereof which is shown to have had jurisdiction of the subject-matter and of the parties, will be regarded as valid, and will be given full force and effect in all other states when the same matters come in issue. See 14 Cyc. Law and Proc., 814, 815, and authorities cited.

The infirmity, however, of appellant's complaint, in one respect at least, is that there is an entire absence therein of any averments to show that the McLean Circuit Court had jurisdiction over the subject-matter and the parties in the proceeding wherein the decree of divorce to appellee was awarded, and whereby the custody of the infant child in question was determined and fixed as alleged in the complaint. There are no allegations in the pleading to show that the McLean Circuit Court was, under

the laws of Kentucky, a court of general jurisdiction. This at least was necessary in order to disclose that the decree upon which appellant predicates his right to have the custody of the child was rendered by a court which was invested with the necessary jurisdiction in divorce proceedings. *Bailey* v. *Martin* (1889), 119 Ind. 103; *American Mut. Life Ins. Co.* v. *Mason* (1902), 159 Ind. 15; *Gates* v. *Newman* (1897), 18 Ind. App. 392; *Ashley* v. *Laird* (1860), 14 Ind. 222, 77 Am. Dec. 67.

No certified copy of the judgment of the McLean Circuit Court was filed with, or in any way made a part of, the complaint. While the filing of such a copy

4.  with the complaint was not necessary in order to render the pleading sufficient on demurrer (*Joab* v. *Sheets* [1885], 99 Ind. 328, 331), nevertheless the filing thereof would have been proper and possibly would have aided the pleading in showing that the court in question was one of general jurisdiction within the holding of *Bailey* v. *Martin, supra,* and *Old Wayne, etc., Assn.* v. *McDonough* (1905), 164 Ind. 321. In the absence of a proper showing that the McLean Circuit Court had jurisdiction, there is no room for presuming that it had. Had it appeared by the complaint that the McLean Circuit Court was one of general jurisdiction, that would have been sufficient to show its jurisdiction in the proceeding, and, under the rule affirmed by our own decisions and those of the Federal Courts, the legal presumption could be indulged that it, being one of general jurisdiction, proceeding within the general scope of its powers, acted rightly, and all intendments of the law would be presumed in favor of its acts. Under these circumstances, in the absence of anything to the contrary, it would be presumed to have had jurisdiction to give the decree which it rendered, and this presumption would embrace jurisdiction not only of the subject-matter of the action in which the decree was given, but also jurisdiction over the parties thereto. *American Mut. Life Ins.*

*Co.* v. *Mason, supra,* and authorities cited on page 19 of the opinion; *Galpin* v. *Page* (1873), 18 Wall. (U. S.) 350, 21 L. Ed. 959.

If the court mentioned in the complaint were one of special jurisdiction, then a general averment that the judgment was duly rendered as authorized by §372 Burns 1901, §369 R. S. 1881, would have been sufficient. *Chicago, etc., R. Co.* v. *Higgins* (1898), 150 Ind. 329.

The evident theory of the complaint, as disclosed by the facts therein alleged and the prayer thereof, is that appellant, as against appellee, is entitled to the custody of the child, not only for one week out of three, as determined by the modified order, but that he is entitled to the custody thereof absolutely and unconditionally, thereby seeking in effect, in this collateral proceeding, not to uphold the judgment of the Kentucky court, but, on the contrary, to break it down and set it aside so far as appellee's right to the custody of her child was fixed and determined thereby. Assuming, therefore, as counsel for appellant contend, that the McLean Circuit Court was invested with competent jurisdiction, and that its decree was binding and conclusive on the parties until set aside or changed in a proper proceeding, the decree could not in whole or in part be set aside or avoided in this collateral proceeding for a writ of *habeas corpus.* *Williams* v. *Williams* (1859), 13 Ind. 523; *Baily* v. *Schrader* (1870), 34 Ind. 260; *Joab* v. *Sheets* (1885), 99 Ind. 328, and authorities cited; *Lemming* v. *Sale* (1891), 128 Ind. 317.

As affirmed in *Joab* v. *Sheets, supra,* and *Lemming* v. *Sale, supra,* that, whatever may be the rule in other jurisdictions, the question in this State is settled that a decree in a proceeding for a divorce, fixing and settling the status or custody of a child or children of the parties thereto, is conclusive and binding until modified or set aside by some subsequent or supplemental pro-

ceeding in the same cause of action. The alleged misconduct of appellee in removing the child from Kentucky, beyond the jurisdiction of the McLean Circuit Court, without its consent or authority, did not in any manner enlarge the right of appellant under the decree thereof, in respect to the custody of the child, but possibly subjected her to be dealt with by such court as in contempt of its authority. *Joab* v. *Sheets, supra.*

It follows, and we so adjudge, that for the failure of the complaint to show jurisdiction, as required, of the court in controversy, the pleading was not sufficient to support the writ of *habeas corpus,* and therefore the court did not err in sustaining the motion to quash.

Judgment affirmed.

Hadley, J., did not participate.