# IROSE *v.* BALLA.

[No. 22,544. Filed April 10, 1914.]

1. APPEAL.—*Assignment of Errors.—Joint Assignment.*—A joint assignment of error in the ruling on demurrers to a second and third paragraph of answer, is not available unless both paragraphs are bad. p. 493.

2. APPEAL.—*Questions Reviewable. — Answers.—Demurrers.*—The objection that the sufficiency of certain paragraphs of answer cannot be considered on appeal, because the demurrer thereto was not accompanied by a memorandum of objections, is not available, where the action was pending at the time the act of 1911 (Acts 1911 p. 415, §344 Burns 1914, subd. 6), requiring a memorandum to be filed with a demurrer to a complaint for insufficient facts, showing wherein the facts are insufficient, was passed. p. 493.

3. JUDGMENT.—*Action on Foreign Judgment.*—In an action to enforce a foreign judgment involving the public policy of the State, the court may inquire whether it contravenes the established public policy, or amounts to an invasion of the laws of the State; but if the original cause of action was personal, transitory in character, and cognizable under the rules of common law, and not inconsistent with local public policy, and there was jurisdiction of the subject-matter, and of the person, the judgment therein rendered, if valid on its face, must be accorded the force and effect which it has in the jurisdiction in which it was rendered. p. 495.

4. JUDGMENT.—*Judgment by Confession.*—*Necessity of Affidavit.*—Although §615 Burns 1914, §588 R. S. 1881, requires an affidavit to be filed with the court, on confession of judgment, showing that the debt is just and owing, and that such confession is not made to defraud creditors, a confession of judgment is good as between the parties where the affidavit is insufficient or even where there is no affidavit. p. 498.

5. BILLS AND NOTES.—*Place of Execution.*—*Presumption.*—*Place of Payment.*—If suit is brought on a promissory note in Indiana, it will be presumed to have been executed within the State; and a note executed in this State, and payable "at a bank," will be deemed payable at a bank within the State. p. 498.

6. BILLS AND NOTES.—*Powers of Confession in Notes.*—*Public Policy.*—It is the acknowledged public policy of the State not to recognize powers of confession in promissory notes. pp. 499, 500.

7. JUDGMENT.—*Warrant of Attorney.*—*Cognovit Distinguished.*—A warrant of attorney was distinguishable from cognovit at common law, and might accompany a note or bill, not as a part thereof, but as a part of the security, and a warrant of attorney was under seal, while a cognovit need not be. p. 499.

8. JUDGMENT.—*Warrant of Attorney.* — *Cognovit.* — *Revocation.*—*Death.*—Either a warrant of attorney or cognovit is revoked by death. p. 499.

9. EVIDENCE.—*Presumption.* — *Foreign Law.* — In the absence of proof of an Illinois statute authorizing the execution of a note containing a power to confess judgment, it will be presumed that the rule with reference to such power is the same as in Indiana, and that it is invalid as contrary to public policy. p. 500.

10. JUDGMENT.—*Warrant of Attorney.*—*Power to Confess Judgment.*—Power to confess judgment in a foreign jurisdiction contained in a promissory note, should be strictly construed, and should not be extended by implication or inference in determining the extent of the authority thereunder. p. 500.

11. JUDGMENT. — *Foreign Judgment.* — *Enforcement.* — *Full Faith and Credit.*—To hold invalid as contrary to the public policy, a power to confess judgment contained in a promissory note executed and payable within the State, pursuant to which judgment was confessed in another state, does not violate the full faith and credit clause of the Federal Constitution. p. 501.

12. BILLS AND NOTES.—*Place of Payment.*—A promissory note payable "at Gary, Indiana, or elsewhere," is payable within the State. p. 501.

13. BILLS AND NOTES.—*Law Governing.*—The validity of a promissory note payable within the State, as well as the capacity of the parties thereto, must be determined by the laws of this State. p. 501.

Irose *v.* Balla—181 Ind. 491.

From Lake Superior Court; *Lawrence Becker,* Judge.

Action by Joseph D. Irose against Albert Balla.    From a judgment for defendant, the plaintiff appeals.    (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)    *Affirmed.*

*Fred Barnett,* for appellant.
*Hodges & Ridgley,* for appellee.

MYERS, J.—Action was begun September 23, 1910, and an amended complaint filed May 1, 1911, on a judgment in favor of appellant, a resident of Illinois, against a resident of Indiana, rendered in term in the Municipal Court of the city of Chicago.    There was an answer in general denial, but withdrawn before demurrers to the second and third paragraphs, the ruling on which and on the motion for a new trial, are the errors assigned.    The errors assigned are joint as to the second and third paragraphs of answer, and both must be bad to present any question under such assignment.    *Hague* v. *First Nat. Bank* (1903), 159 Ind. 636, 65 N. E. 907; *Saunders* v. *Montgomery* (1895), 143 Ind. 185, 186, 41 N. E. 453, and cases cited.

The demurrers were several and for insufficiency of facts. It is urged by appellee that the answers cannot be considered, for the reason that no memoranda of the objections was filed with the demurrers, under the provisions of the act of 1911 (Acts 1911 p. 415, §344 Burns 1914, subd. 6.)    This action was pending when the above act was passed, and is excepted by the fourth section of the act.

The complaint counts on a judgment rendered July 10, 1910, in the Municipal Court of the city of Chicago, on a promissory note executed at Gary, Indiana, May 23, 1910, payable to the order of one Argus, due in thirty days, payable "at Gary, Indiana or elsewhere," in the body of which is an irrevocable power of attorney authorizing any attorney of any court of record, to appear for the maker in such court, in term or in vacation, and confess judgment without

process in favor of the holder, for such amount as may appear to be unpaid on the note, with $25 attorney fees, and waive and release all errors, etc.   The statute in Illinois conferring jurisdiction in term or in vacation by confession by a party or his attorney duly authorized, is pleaded, also a duly authorized copy of the proceedings and judgment roll in that court.  Assignment and endorsement of the note before maturity is alleged.  Argus was made a party defendant in this action and filed a disclaimer.

The second paragraph of answer attempts to plead fraud in the execution of the note, claiming inability to read English, and that he had leased a building to the payee who prepared and presented to him what turned out to be the promissory note in question, which was falsely and fraudulently represented to him to be a receipt for the money he had received as the rent, and that he would not have signed it, had he known it was a promissory note, but that he relied on the representation that it was a receipt for the rent; that there was no one present whom he could call to read the note; that he had been for five years a resident of Indiana; that he was not served with process, and had no knowledge of the proceedings in Chicago, and did not appear, and did not authorize any one to appear for him; that the note was secured from him without consideration; and that the judgment was rendered pursuant to, and by virtue of the alleged power of attorney (set out in the complaint and answer) and not otherwise.  Prayer for cancelation of the note and for all other proper relief follows.

The third paragraph of answer is the same as the second with respect to the consideration for, and conditions surrounding the execution of the note, but alleges the taking of the judgment by virtue of the power of attorney contained in the note, by virtue of a confession of judgment by one Falk, and not otherwise; that he was never a resident of Illinois, was not served with summons by any officer of the Municipal Court of the city of Chicago, and had no notice

of such proceedings; that the statute of Illinois provides that when a judgment is rendered by confession, by virtue of a power of attorney, the defendant may at any time within ten years thereafter have such judgment set aside and vacated on filing an answer showing a good defense. The statute of Illinois is not otherwise sought to be pleaded. Prayer for the cancelation of the note follows.

The sufficiency of the answers must be determined by reference to the complaint and the questions presented by the foreign judgment. The only evidence under the complaint, is the authenticated copy of the proceedings in Chicago, showing formal appearance of appellant by attorney, and waiver of service of process, proof of the session laws of Illinois conferring jurisdiction on the Municipal Court of Chicago, and the same clause pleaded in the complaint, as to the authority to appear and to enter judgment by confession, and testimony that no part of the judgment had been satisfied. Under the answers, the only evidence was that the defendant had lived twelve years in Indiana, four years in Gary. The original note was read in evidence, and appellee testified that he signed it at his home in Gary, Indiana, that his wife was present; that he never saw Samuel B. Falk (the party who appeared and confessed the judgment); that he knew nothing about the suit in Chicago; that he never employed Falk or authorized him to enter an appearance for him; that he could not read or write English, but can read and write Hungarian only. Upon this state of the record, there was a finding for the defendant, and over motion for new trial, judgment against appellee, upon the theory that the judgment in Chicago was void, because the note was made in Indiana and the maker was a resident of Indiana when the note was executed and when the judgment was rendered. It is not to be doubted that

3. cases involving the peculiar public policy of a state with respect to matters of a purely domestic character, such as marriage and divorce, do not present the same

questions under the full faith and credit clause, which arise in cases where common-law rights are involved, or causes of action created by statute, not inconsistent with local policy. In such cases, where the action is brought to enforce a foreign judgment, or rights under it, the court in which such action is brought may inquire into the original cause of action itself, as to whether it amounts to an invasion of the laws of that state, or is in contravention of its public policy, or presents a cause of action or claim cognizable in another state. *Hardin* v. *Hardin* (1907), 168 Ind. 352, 81 N. E. 60; *Haddock* v. *Haddock* (1906), 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1; *Finney* v. *Guy* (1903), 189 U. S. 335, 23 Sup. Ct. 558, 47 L. Ed. 839; *German Savings Soc.* v. *Dormitzer* (1904), 192 U. S. 125, 24 Sup. Ct. 221, 48 L. Ed. 373; *Andrews* v. *Andrews* (1903), 188 U. S. 14, 23 Sup. Ct. 237, 47 L. Ed. 366; *Thormann* v. *Frame* (1900), 176 U. S. 350, 20 Sup. Ct. 446, 44 L. Ed. 500; *Dunn* v. *Dilks* (1903), 31 Ind. App. 673, 68 N. E. 1035; *Wisconsin* v. *Pelican Ins. Co.* (1888), 127 U. S. 265, 8 Sup. Ct. 1370, 32 L. Ed. 239; *Dennick* v. *Central R. Co.* (1880), 103 U. S. 11, 26 L. Ed. 439; *Thompson* v. *Whitman* (1873), 85 U. S. 457, 21 L. Ed. 897. On the other hand, where the cause of action is personal, transitory in character, and cognizable under the rules of common law, where there is jurisdiction of the subject-matter, and of the person, and not inconsistent with local public policy, the rule is practically unbroken, that a judgment valid on its face, must be accorded the force and effect which it has in the jurisdiction of its entry. *Hardin* v. *Hardin, supra; Baltimore, etc., R. Co.* v. *Freeze* (1907), 169 Ind. 370, 82 N. E. 761; *Kingman* v. *Paulson* (1890), 126 Ind. 507, 26 N. E. 293, 22 Am. St. 611; *Converse* v. *Hamilton* (1912), 224 U. S. 243, 32 Sup. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913 D 1292; *Atchinson, etc., R. Co.* v. *Sowers* (1909), 213 U. S. 55, 29 Sup. Ct. 397, 53 L. Ed. 695; *Sistare* v. *Sistare* (1910), 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N.

S.) 1068; *Harding* v. *Harding* (1905), 198 U. S. 317, 25 Sup. Ct. 679, 49 L. Ed. 1066; *Huntington* v. *Attrill* (1892), 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123.   One case at least, has enforced the rule even as against the public policy of the local jurisdiction, but with strong dissent. *Fauntleroy* v. *Lum* (1908), 210 U. S. 230, 28 Sup. Ct. 641, 52 L. Ed. 1039.   See, also, *Christmas* v. *Russell* (1886), 72 U. S. 290, 18 L. Ed. 475.   This case may however be distinguished on the ground of the common law liability on which the former judgment rested, and is in accord with the general rule.   It is said in some of the cases that the rule does not preclude inquiry into the jurisdiction of the court which entered the judgment, over the subject-matter, or the parties, or the facts necessary to give such jurisdiction.   *Brown* v. *Fletcher's Estate* (1908), 210 U. S. 82, 28 Sup. Ct. 702, 52 L. Ed. 966; *National Exchange Bank* v. *Wiley* (1904), 195 U. S. 257, 25 Sup. Ct. 70, 49 L. Ed. 184; *Thormann* v. *Frame, supra.*

This is but another form of saying that the court may inquire into the character of the action, for the purpose of determining whether its subject-matter is contrary to the public policy of the local jurisdiction, or to see that it is of such character as that there is jurisdiction of the subject-matter, and that jurisdiction of the person of the defendant was obtained.   *Thompson* v. *Whitman, supra.*

We have marked instances of the requirement of recognition of the full faith and credit clause in foreign garnishments of wages of residents of this State, though our own public policy forbids it.   *Baltimore, etc., R. Co.* v. *Freeze, supra; Louisville, etc., R. Co.* v. *Deer* (1905), 200 U. S, 176, 26 Sup. Ct. 207, 50 L. Ed. 426; *Chicago, etc., R. Co.* v. *Sturm* (1898), 174 U. S. 710, 19 Sup. Ct. 797, 43 L. Ed. 1144.   We have given this much attention to the adjudicated cases for the purpose of marking the distinctions, and disclosing the soundness of the rule in *Kingman* v. *Paulson,*

*supra,* and *American Mut. Life Ins. Co.* v. *Mason* (1902), 159 Ind. 15, 64 N. E. 525, and cases cited. In each of those cases the foreign judgment was based, as here, on a contractual obligation, though in the Kingman case there was held to have been an appearance, but the point is, that the obligation is contractual, and jurisdiction of the subject-matter is shown. The affidavit accompanying the entry of appearance, and confession of judgment, does not contain a statement that the confession is not made for the purpose of defrauding the debtor's creditors, as is required by §615 Burns 1914, §588 R. S. 1881, and it is insisted that jurisdiction is not therefore shown; that we must presume that the Illinois law is the same as our own, and if not so shown it is contrary to our express public policy. In this contention, appellee is correct. *Hardin* v. *Hardin, supra.* But it is held by this court that as between the parties, a confession is good without an affidavit, or insufficient one. *Caley* v. *Morgan* (1888), 114 Ind. 350, 16 N. E. 790; *Chapin* v. *McLaren* (1886), 105 Ind. 563, 5 N. E. 688; *Mavity* v. *Eastridge* (1879), 67 Ind. 211; *Kennard* v. *Carter* (1878), 64 Ind. 31. A section of the Illinois law on the subject was proved, and while it may not cover the whole subject of cognovits, the affidavit which was filed was in accordance with that section, but in view of our own decisions, appellee's point in that respect is immaterial.

The serious question in the case is whether the power could be executed in Illinois. The note is payable "at Gary, Indiana, or elsewhere." It is assignable by statute. §9071 Burns 1914, §5501 R. S. 1881. What is meant or intended by the phrase "at Gary, Indiana, or elsewhere"? It has been held that a note executed in this State, and payable "at a bank" means a bank in this State. *Union Trust Co.* v. *Adams* (1913), 54 Ind. App. 166, 101 N. E. 741; *Fordyce* v. *Nelson* (1883), 91 Ind. 447; *Dutch* v. *Boyd* (1881), 81 Ind. 146; *Walker* v. *Woolen* (1876), 54 Ind. 164, 23 Am. Rep. 639. Or, if suit is brought

in Indiana, it will be presumed to have been executed in this State. *Indianapolis, etc., Mfg. Co.* v. *Caven* (1876), 53 Ind. 258; *Rose* v. *President, etc.* (1860), 15 Ind. 292; *Baltimore, etc., R. Co.* v. *Scholes* (1896), 14 Ind. App. 524, 43 N. E. 156, 56 Am. St. 307.

While the question has not been expressly decided, it is the acknowledged public policy of this State, not to recognize powers of confession in promissory notes, and that seems to be the public policy as declared by the statute in respect to confessions of judgment, §615 Burns 1914, *supra,* requiring that in order to a valid execution of such power, there must *at the time of its execution,* be an affidavit made, and this by necessary implication excludes the method employed in the case at bar.

6.

At common law, the warrant of attorney was distinguishable from cognovit, and might accompany a note or bill as a part of the security, but was no part of the bill proper. The warrant of attorney was under seal, while a cognovit need not be. Chitty, Gen. Prac. 670; *Bell* v. *Banks* (1841), 42 Eng. C. L. R. *258; *Dillon* v. *Rimmer* (1822), 7 Moore 427; *Dillon* v. *Rimmer* (1822), 1 Bing. 100; *Keep* v. *Leckie* (1855), 8 Rich. (S. C.) 164; *Norris* v. *Aylett* (1809), 2 Camp. 329; Bouvier, Law Dict.; Anderson, Law Dict. Either a cognovit, or warrant of attorney, is revoked by death. *Calvert* v. *Tomlin* (1828), 5 Bing. 1; *Blackburn* v. *Godrick* (1841), 9 Dowl. 337. Except for a statute, it has been held that a cognovit could not be entered after the death of the plaintiff where two terms had elapsed. *Lewis* v. *Rapelyea* (1847), 1 Barb. 29. But if the power ran to several, and one of them dies, within two terms, by statute no revivor is necessary to authorize judgment in favor of the original plaintiff. *Gilbert* v. *Corbin* (1836), 18 Wend. 600.

7.

8.

It will be seen to what an anomaly the claim would lead, unless the power is revocable by death; that is, the power to begin an action and take a judgment against a dead

man, which would be the logical sequence, if it is a power coupled with an interest in the ordinary sense of the term, or runs with, and as a part of the note, whether the maker is living or not, though under our statute an action pending would not abate on death, §272 Burns 1914, §271 R. S. 1881; but that section can have no relevancy to the question before us. It seems to us better reasoning to

6.  hold that as here presented, the power if otherwise valid, must be presumed to be exercisable in the State of Indiana, but above and beyond all, that it is against the public policy of this State to recognize such power. *Farquhar & Co.* v. *DeHaven* (1912), 70 W. Va. 738, 75 S. E. 65, 40 L. R. A. (N. S.) 956; *Acme Food Co.* v. *Kirsch* (1911), 166 Mich. 433, 131 N. W. 1123, 38 L. R. A. (N. S.) 814.

We must presume in the absence of proof of a statute,

9.  as any other fact, authorizing such note, that the rule is the same in Illinois. *Hardin* v. *Hardin, supra; Chicago, etc., R. Co.* v. *Wiggins Ferry Co.* (1877), 119 U. S. 615, 7 Sup. Ct. 398, 30 L. Ed. 519.

It would thus appear that the power could not be exercised in Indiana, where the note is presumably payable, and by force of the reasoning and conditions, that the power could not be legally exercised in Illinois, against a citizen of Indiana. In short, there is an absence of proof to warrant the exercise of the power in Illinois, or as showing jurisdiction there, which under the rule as stated, authorizes inquiry into that fact here. We do not mean to

10. hold that if such a statute, or such a law of Illinois were shown, and the note payable in Illinois, or appellee a resident of that state, that the judgment would not be impervious to collateral attack, but put this decision on the ground that under the facts, and the presumptions obtaining, such authority as is here claimed, being subject to such abuse as it might be, should receive a strict construction, in the interest of personal rights and orderly process, and that jurisdiction of the Illinois court is not made to

appear. So unusual authority as that of a warrant to confess judgment in a foreign jurisdiction, ought not to be extended by implication or inference, when the only question is as to the extent of the authority, and to question that authority is not in our judgment doing violence to the full faith and credit clause of the Federal Constitution, or the laws of the United States, or of the state of Illinois. *National Exchange Bank* v. *Wiley, supra.* We might have a very different question under a note payable in Illinois, or executed there. *Cuykendall* v. *Doe* (1905), 129 Iowa 453, 105 N. W. 698, 3 L. R. A. (N. S.) 449; *Van Norman* v. *Gordon* (1899), 172 Mass. 576, 53 N. E. 267, 44 L. R. A. 840, 70 Am. St. 304. But under our holdings we conclude that it is payable in Indiana, and its force and validity, or the capacity of the parties are determined according to the law of this State. Wharton, Conflict of Laws §§427e-427n; *Scudder* v. *Union Nat. Bank* (1875), 91 U. S. 406, 23 L. Ed. 245; *Roubicek* v. *Haddad* (1902), 67 N. J. L. 522, 51 Atl. 938; *Campbell* v. *Cramton* (1880), 2 Fed. 417; *Matthews* v. *Murchison* (1883), 17 Fed. 760; *Hager* v. *National, etc., Bank* (1898), 105 Ga. 116, 31 S. E. 141; *Phoenix Mut. Life Ins. Co.* v. *Simons* (1892), 52 Mo. App. 357.

The court did not err in its judgment, which is affirmed.

NOTE.—Reported in 104 N. E. 851. As to the validity of judgments by confession, see 64 Am. Dec. 501; 99 Am. Dec. 275. As to the validity at common law of a warrant of attorney to confess judgment, see 40 L. R. A. (N. S.) 956. As to the law governing warrant of attorney to confess judgment, see 38 L. R. A. (N. S.) 814. As to the conflict of laws as to bills and notes, see 61 L. R. A. 193; 19 L. R. A. (N. S.) 665. As to the validity, in absence of statute, of a provision in a note authorizing an attorney to appear and confess judgment against the maker, see 16 Ann. Cas. 895.