## GERMAN SAVINGS AND LOAN SOCIETY *v.* DORMITZER.

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 104. Argued December 16, 17, 1903.—Decided January 4, 1904.

A writ of error will not be dismissed on the ground that the Federal question was not set up in the court below, and that the decision rested on two grounds, one of which was estoppel and independent of the Federal question, when the plaintiff in error had insisted upon his constitutional rights as soon as the occasion arose, and the opinion deals expressly with such rights.

A decree of divorce may be impeached collaterally in the courts of another State by proof that the court granting it had no jurisdiction, even when the record purports to show jurisdiction and appearance of the other party, without violating the full faith and credit clause of the Federal Constitution. *Andrews* v. *Andrews*, 188 U. S. 14.

The facts that a resident of a State after selling out his property and business went to another State, bought land and decided to locate there are sufficient for the courts of the latter State to find thereon that he had changed his domicil and that the courts of the State from which he had removed had no jurisdiction of an action subsequently brought by him for divorce.

THE facts are stated in the opinion.

*Mr. William Scott Goodfellow,* with whom *Mr. E. C. Hughes* and *M . William W. Hindman* were on the brief, for plaintiff in error.

*Mr. Robert A. Howard* and *Mr. Lucius G. Nash* for defendant in error.

*Mr. Frederick W. Dewart* for Mr. William M. Murray, guardian *ad litem* for minor Tull.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a writ of error to the Supreme Court of Washington on the ground that full faith and credit has not been given to a decree of divorce rendered in the State of Kansas. See 23 Washington, 132. The record is long, but all that is material to the case in this court can be stated in a few words. The defendants in error are the children of one F. M. Tull, and brought a complaint for the purpose, so far as the Savings Society, the plaintiff in error, is concerned, of establishing their right to an undivided share in certain land in Spokane, Washington, to which the Savings Society claims an absolute title. At least that form of relief was held to be open under their complaint. Their claim was made on the ground that the land was community property of their parents and that they inherited an undivided share upon their mother's death. The Savings Society claimed under the foreclosure of a mortgage executed by F. M. Tull. Before the execution of their mortgage and after Tull had applied for a loan his wife died, and probate proceedings were instituted under which Tull purported to purchase his children's interest as a preliminary to making the mortgage. It has been decided that these probate proceedings were void as against a purchaser with notice and that the Savings Society took with notice. These are local matters with which we have no concern. But the Savings Society contended that it had a good title, irrespective of these proceedings. The land was purchased with the proceeds of Kansas property which seems to have stood in the name of F. M. Tull. Tull procured a divorce in Kansas, and if that

divorce was valid his wife's interest in his property was gone. Therefore, it is said, the land in Washington followed the character of the purchase money as his separate property, although before the payment was completed the divorced parties made up their differences and were married to each other a second time.

The Supreme Court of Washington, trying the case *de novo*, found that Tull had changed his domicil from Kansas to Washington before beginning his divorce proceedings, and therefore that the decree was without jurisdiction and void. It further found on evidence satisfactory to itself that, the divorce being out of the way, the property was joint or community property, and that his children had the right they claimed. With this last again we are not concerned, and the only question for us is whether the court could go behind the record of the Kansas case.

There is a motion to dismiss. It is said that the Federal question was not set up in the court below, and that the court put its decision on two distinct grounds, one of which was that the Society was estopped to deny the children's title. The latter ground, it is said, was independent of the Federal question. But the opinion of the court deals expressly with the constitutional rights of the Savings Society, and the Society seems to have insisted on those rights as soon as the divorce was attacked. *Tullock* v. *Mulvane*, 184 U. S. 497, 503, 504. As to the other point, it is at least doubtful whether the court meant to find any estoppel except on the footing that the property was shown to be community property. The motion to dismiss is overruled. See *Johnson* v. *Risk*, 137 U. S. 300, 307.

On the merits, however, the plaintiff in error has no case. It is suggested that the invalidity of the judgment for want of jurisdiction was not put in issue in the pleadings. It is a sufficient answer that the Supreme Court of the State treated it as in issue. *Hill* v. *Mendenhall*, 21 Wall. 453, relied on by the plaintiff in error, came from the Circuit Court of the United

States, and when a case properly is brought here ·from ˙the Circuit Court upon constitutional grounds the whole case ˙is open. *Horner* ·v. *United States*, 143 U. S. 570. But it is other- wise when a case comes, as this does, from a state court. · *Os- borne* ·v. *Florida*, 164 U. S. 650, 656; *McLaughlin* v. *Fowler*, 154 U. S. 663; *Murdock* v. *Memphis*, 20 Wall. 590.

It is too late now to deny the right collaterally to impeach a decree of divorce made in another State, by proof that the court had no jurisdiction, even when ·the record purports to show jurisdiction and the appearance of the other party. *An- drews* v. *Andrews*, 188 U. S. 14, 39; *S. C.*, 176 Massachusetts, 92, 93. An attempt was made. to avoid the authority of *Andrews* v. *Andrews* by the suggestion that there the respond- ent. in the divorce suit had disappeared before the decree. But a respondent cannot defeat jurisdiction by disappearing. Indeed in strictness only the attorney disappeared, and the respondent simply ceased to defend the suit. · The effect given to· the statute of Massachusetts in that case depended wholly on contradicting the record .of the divorce suit and proving the want of ·jurisdiction by proving the libellant's want of domicil in. the State.

It very well may be that, if the Supreme Court of Washing- ton had undertaken to deny the jurisdiction of the Kansas tribunal without evidence impeaching it, such an evasion of the Constitution would not be upheld. It may be that in fact some circumstances were adverted· to by that court which hardly warranted an inference. But it had before it ·the testi- mony of the husband, Tull, from which it appeared that before he made the contract for a part of the land in question he had sold out his property and business in Kansas and had gone in search of what· he called a new location, and that when he bought this land he decided to locate there. · The land, it will be remembered, is ·in Spokane, Washington. Tull was there when the contract was made, and therefore there was ground for the court to find that at that moment he changed his domicil to Spokane. The contract was made on December 28,

1886, and the libel for divorce in Kansas was not filed until February 25, 1887. There was evidence warranting the finding, and that being so we take the facts as they were found. *Egan* v. *Hart*, 165 U. S. 188.

*Decree affirmed.*

Mr. Justice McKenna dissents.