[Civ. No. 1459.  Second Appellate District.—June 7, 1916.]

CATHERINE STEINBRONER, Respondent, v. GEORGE
P. STEINBRONER, Appellant.

ACTION FOR DIVORCE—DECREE OF FOREIGN STATE—LACK OF JURISDIC-
TION—NONRESIDENCE—DEFENSE.—In an action for divorce a de-
fense based upon a decree dissolving the marriage in a foreign state
antedating the action cannot be sustained where the law of the
foreign state provided that the applicant must be a *bona fide* resi-
dent of the state for the period of one year immediately preceding
the bringing of the action, and it was found that the parties were
during said time nonresidents of the state.

ID.—JUDGMENT OF FOREIGN STATE—WANT OF JURISDICTION—COLLATERAL
ATTACK.—Jurisdiction of a court of a foreign state to render a
judgment is always open to collateral attack in a proceeding in an-
other state, and the record of the judgment in the foreign state may
be contradicted as to the fact necessary to give the court jurisdiction.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order granting alimony *pen-
dente lite*.  Charles Munroe, Judge.

The facts are stated in the opinion of the court.

John Munro, and Fay R. Robertson, for Appellant.

Joseph Scott, and A. G. Ritter, for Respondent.

SHAW, J.—Action for divorce.  Judgment went for
plaintiff, from which, and an order of court granting plain-
tiff alimony *pendente lite,* defendant appeals.

As disclosed by the record and argument in appellant's
brief, the only ground upon which he based his defense to
the action was a decree of the court of common pleas of the
commonwealth of Pennsylvania, together with an exemplified
copy of the record therein, all of which were duly presented
at the trial, showing that at a time antedating the commence-
ment of this action, the bonds of matrimony theretofore con-
tracted between plaintiff and defendant, as alleged herein,
had been dissolved and a divorce granted him from said
plaintiff by said decree so rendered by the common pleas
court of Crawford County, Pennsylvania.

30 Cal. App.—43

As to this defense, however, the court found that, under the laws of Pennsylvania existing at the time, it was necessary in order to vest the court with jurisdiction to entertain an action for divorce, that the applicant therefor be at the time of commencing the suit a *bona fide* resident of such state, as well as such resident for a period of one year immediately preceding the bringing of such action; that defendant herein, who was plaintiff in the action so instituted in the Pennsylvania court, was at the time of the institution thereof, and for more than a year immediately preceding its commencement had been, a resident of the state of California, in which state defendant also resided. No attack is made upon this finding; indeed, we understand the facts so found to be conceded by appellant. As a conclusion of law, the court found that the decree so rendered and entered by the common pleas court of Pennsylvania granting defendant a decree of divorce from plaintiff, was null and void for want of jurisdiction.

Appellant's sole contention is that, since the judgment rendered by the court of common pleas was regular on its face, it was not subject to collateral attack. In support of this claim he cites numerous authorities to the effect that "a divorce by a court having jurisdiction, valid and conclusive in state where rendered, is conclusive everywhere, and a finding of residence by the state court is *prima facie* proof and sufficient until overcome to support the jurisdiction." (*Cheever* v. *Wilson,* 9 Wall. 123, [19 L. Ed. 604].) Undoubtedly this is true, provided the court *has,* as stated in the text, *jurisdiction;* but that is the very question here involved and as to which, as said, the decree presented is *"prima facie* proof and sufficient until overcome to support the jurisdiction." Since the evidence is not brought up, we must assume that it was ample to support the finding made by the court that there was a want of jurisdiction in the court rendering the decree, and this overcomes the *prima facie* showing made by its presentation. Mr. Black, in his work on Judgments, section 822, says: "In America it is generally held, and indeed almost universally, that as a proceeding in divorce is intended to affect the status of the parties, and is therefore essentially *in rem,* the judgment pronounced, whether in a foreign country or in a sister state, by a court having *lawful jurisdiction* of the cause, and in

the absence of fraud, is valid and binding everywhere and in all subsequent controversies, provided the applicant was *bona fide domiciled within the territorial jurisdiction* of the court, although the other party, being a nonresident, was notified only by advertisement or some other species of constructive service'' (italics are ours) ; the theory being that the marriage relation is a status transitory in its nature and attached to the person of each of the contracting parties, so that a court, having jurisdiction over the one may dissolve it as to both, notwithstanding the other is beyond such jurisdiction. In *Dunham* v. *Dunham,* 162 Ill. 589, [35 L. R. A. 70, 44 N. E. 841], quoting from the syllabus, it is said: ''An action for divorce is to some extent a proceeding *in rem,* and, where jurisdiction over the person of the defendant is not obtained, a court can deal with such status only by the fact that the plaintiff is in good faith domiciled within its territory, and thereby entitled to invoke this jurisdiction.''    And further: ''A decree of divorce, when pleaded in a court of another state, may be attacked for want of jurisdiction in the court which rendered it, and where the action in which it was rendered was *ex parte,* and it is clearly proven that the plaintiff was not at the time a *bona fide* resident of the state in which it was brought, such decree will be held void.''    The case of *Thompson* v. *Whitman,* 18 Wall. 457, [21 L. Ed. 897], is authority for the statement that the jurisdiction of a court of a foreign state to render a judgment, is always open to collateral attack in a proceeding in another state, and that ''the record of a judgment rendered in another state may be contradicted as to the facts necessary to give the court jurisdiction.''    To the same effect is *Hall* v. *Lanning,* 91 U. S. 160, [23 L. Ed. 271], where it is said: ''The jurisdiction of a foreign court over the person or the subject matter embraced in the judgment or decree of such court is always open to inquiry; and that, in this respect, the court of another state is to be regarded as a foreign court. . . . The record of such a judgment does not estop the parties from demanding such an inquiry.''    In the case of *In re James,* 99 Cal. 374, [37 Am. St. Rep. 60, 33 Pac. 1122], the supreme court, in discussing the question, says: ''We agree with appellant that it is competent to collaterally impeach the record of a judgment rendered in another state by extrinsic evidence showing that the facts necessary to give the court pronouncing it

jurisdiction to proceed, did not exist; and this is true, although the record sought to be impeached may recite the existence of such jurisdictional facts.'' Appellant has cited numerous authorities holding that a domestic judgment cannot be attacked collaterally in the courts of the state rendering the judgment; and also authorities like the text- cited from *Cheever* v. *Wilson*, 9 Wall. 123, [19 L. Ed. 604], to the effect that where the court having jurisdiction renders a valid and conclusive judgment, its action is conclusive everywhere. But these authorities have no bearing upon the question here presented. Both plaintiff and defendant were residents of this state at the time when and for more than one year immediately prior to defendant instituting the suit in Pennsylvania, wherein he obtained the judgment interposed as a bar to plaintiff's action. As the status which he sought to have destroyed attached to the person of the contracting parties, neither of whom was within the jurisdiction of the Pennsylvania court, it must follow that such court had no jurisdiction of either the person of the litigants or of the subject matter of the action; and hence the purported decree interposed as a bar to this plaintiff's action was a nullity.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.