[Civ. No. 8258. First Appellate District, Division Two.—April 1, 1932.]

GERTRUDE BRODER, Respondent, v. GUSTAVE K. BRODER, Appellant.

Charles G. Young and Walter A. Ham for Appellant.

I. B. Kornblum for Respondent.

DOOLING, J., *pro tem.*—This is an appeal from a decree for separate maintenance granted respondent, a resident of the state of New York, against appellant, a resident of this state.

Appellant had secured a decree of divorce from respondent in Nevada on June 30, 1928, upon substituted service. In the case now on appeal the trial court found that the Nevada decree was invalid for the reason, among others, that appellant herein was not a *bona fide* resident of Nevada when he commenced the action in which that decree was obtained. The evidence amply sustains this finding. In this behalf it shows that on December 21, 1926, appellant secured an interlocutory decree of divorce from respondent in Los Angeles County, California, upon service by publication; and that this interlocutory decree was set aside on motion of respondent on July 12, 1927, upon the ground that the order for publication of summons had been procured by fraud. At that time appellant was allowed ten days to file an amended complaint, but instead dismissed the action. Thereafter he went to Nevada, about the end of October, 1927, started the divorce proceedings there on February 8, 1928, secured an order for publication of summons on the same day, returned to Los Angeles in April, 1928, and engaged there in business and only returned to Nevada in June, 1928, at the solicitation of his attorney to procure the decree of divorce; returned to Los Angeles two days after the decree was granted and never thereafter went back to Nevada. ■ The mere recital of these facts is sufficient to show that the trial court in the case here on appeal committed no abuse of discretion in finding that appellant was not a *bona fide* resident of Nevada, and as a consequence the decree of divorce obtained on substituted service was invalid. (9 Cal. Jur., p. 816.)

The trial court found that appellant deserted respondent in New York in October, 1924. ■ Appellant claims that respondent deserted him by refusing to cohabit with him for one and one-half years previous to that date. Respondent admitted the refusal to cohabit for that period of time,

but stated that it was because appellant had a venereal disease. This justified the refusal. (Civ. Code, sec. 96.) The fact that appellant denied having such disease merely created a conflict which was resolved in respondent's favor by the trial court. Appellant left New York for California while respondent was away from home. The evidence is in conflict as to whether respondent left their home with appellant's consent and on this point too the conflict was resolved in respondent's favor.

Judgment affirmed.

Nourse, P. J., and Spence, J., concurred.