[S. F. No. 14909.   In Bank.—January 31, 1934.]

ALMA C. KADELLO, Respondent, v. LUDWIG J. KA-
DELLO, Appellant.

(1)

Clarence E. Rust for Appellant.

Edward P. Talbott for Respondent.

LANGDON, J.—This is an appeal from an order directing defendant to pay to respondent certain sums for temporary alimony, attorneys' fees and costs in a divorce action.

On September 8, 1932, Ludwig Kadello received a decree of divorce from Alma Kadello in Reno, Nevada, upon the ground of desertion, the defendant being served personally in California. On October 7, 1932, Alma Kadello commenced a divorce action in California against Ludwig Kadello, serving him personally within this state. An order to show cause why defendant should not pay alimony *pendente lite,* etc., was issued, and at the hearing the court found that defendant's Nevada decree was void and made the order.

The evidence fully supports the trial court's conclusion. Defendant testified that he had a job promised him in Nevada; that he gave up his residence in Oakland, California, went to Reno, worked for a while pitching hay, and secured a divorce; that the expected job did not develop and he soon after returned to Oakland. On the other hand, plaintiff testified that during May and June of 1932 (within the period of her purported desertion) she lived with and had matrimonial intercourse with defendant on numerous occasions. Her testimony on this point was corroborated by Mrs. Coehlo, her daughter by a former marriage, and by Mrs. Letty Berg, a friend. Plaintiff also testified that she did not desert him, but that he left her on June 14, 1932, telling her he was going out of town about some work.

It thus appears that several witnesses testified to perjury by defendant as to the grounds for his Reno divorce; and his story of acquisition of a *bona fide* domicile there is vague, indefinite, and according to the evidence submitted by plaintiff, he was not justified in leaving her at all.

In this state of the record the trial court was justified in concluding that his purported domicile in Nevada was fraudulent and that the said decree was void. (See *Delanoy* v. *Delanoy,* 216 Cal. 27 [13 Pac. (2d) 719, 86 A. L. R. 1321].)

Defendant complains that the court refused to permit him to offer evidence of his wife's cruelty and adultery in support of the validity of the Nevada decree. The relevancy of such evidence is not apparent in this connection. It is further objected that plaintiff did not establish defendant's ability to pay, but there was evidence of a sale of a house by defendant, and of his steady employment. The court awarded $100 on account of attorney's fees, $10 for costs, and $50 per month to plaintiff. No sufficient showing is made against the propriety of the order.

The order is affirmed.

Preston, J., Thompson, J., Curtis, J., Waste, C. J., Shenk, J., and Seawell J., concurred.