Eva Engels Gross, complainant,

*v.*

George William Gross, defendant.

[Decided June 15th, 1935.]

*Messrs. Camarata & Vitello,* for the complainant.

*Mr. Frederick C. Vonhof* and *Mr. John Clancy,* for the defendant.

Herr, A. M.

In April, 1935, the complainant filed a bill in this cause for separate maintenance against her husband, the defendant, alleging that he abandoned her in June, 1927, without justifiable cause and refused and neglected to maintain and provide for her; that on or about July 27th, 1927, "the defendant agreed to provide complainant with proper support and maintenance, which agreement the defendant performed until January, 1935, ever since which time he has refused and still refuses to support and maintain her;" that defendant is a *bona fide* resident of New Jersey and has been such a *bona fide* resident ever since his marriage to complainant; that on February 28th, 1935, he obtained leave of absence from his employer in New Jersey and went to Reno, Nevada, where on April 18th, 1935, he commenced an action for divorce against complainant; that the courts of Nevada have no

jurisdiction of such action because the defendant is not domiciled in Nevada, and that the defendant's purpose in prosecuting the action in Nevada was and is "to defraud this court of jurisdiction over all matrimonial causes of action which may exist on behalf of or against either the complainant or defendant." The bill prays for a decree of separate maintenance and for an injunction against the defendant's further prosecution of the Nevada action.

The defendant resists the application for a preliminary injunction, chiefly on the ground that (as he argues) the bill of complaint fails to set forth a cause of action for separate maintenance in that it does not allege abandonment as of the date of filing the same, but on the contrary shows that complainant abandoned defendant, and that since injunctive relief is prayed for only incidentally to and in aid of the main prayer for separate maintenance, such injunctive relief must be denied, "in that no property rights are involved."

Assuming that the bill is defective in failing to set out a cause of action for separate maintenance, it does not follow that injunctive relief should be denied. The allegations are quite sufficient to entitle the bill to be regarded as one solely for the protection of the marital status. *Mott* v. *Mott, 49 N. J. Eq. 192; Holland, &c., Society* v. *De Lazier, 84 N. J. Eq. 442.*

Upon the proofs there can be no doubt that New Jersey is in fact the domicile of both of the parties. The defendant's sojourn in Nevada is not such as to make him a *bona fide* resident of that state. He is employed in this state, and is on temporary leave of absence from his employment for the express purpose of securing a decree of divorce in the Nevada court. The defendant's letter incorporated in the affidavit of Henry H. Berg, who has supervision of the Essex Mountain Sanitarium in Verona, the defendant's place of employment, reads in part:

"I cannot stand the pressure of the added time but I'm out here now and, to go back without what I came for would indeed be a calamity. It's cost me every penny I had, along with that which I could borrow and, even now, I'm broke, but if you will be so kind

as to extend my time limit I feel sure my 'Broke' condition will be compensated by the successful completion of my errand."

The residence of the defendant in Nevada is not with the *animus manendi* essential to effect a change of domicile to that state. *Harrall* v. *Harrall, 39 N. J. Eq. 279; Di Brigida* v. *Di Brigida, 116 N. J. Eq. 208.*

Since the domicile of both the complainant and the defendant is in New Jersey, the *situs* of the entire marital status or *res* is in this state and this *situs* is the foundation of jurisdiction in actions for divorce. *Coddington* v. *Coddington, 20 N. J. Eq. 263; Marsh* v. *Marsh, 86 N. J. Eq. 419; Webb* v. *Webb, 13 N. J. Mis. R. 439; 178 Atl. Rep. 282.*

Prior to the adoption of section 33 of the Divorce act it had been firmly established as a rule of interstate comity that a foreign decree of divorce was not entitled to recognition if obtained in a jurisdicton in which neither of the parties was domiciled. *Streitwolf* v. *Streitwolf, 58 N. J. Eq. 563; affirmed, 181 U. S. 179; 45 L. Ed. 807; 21 S. Ct. 553.* This principle of extraterritorial recognition of foreign decrees of divorce is expressly recognized in section 33. *Lister* v. *Lister, 86 N. J. Eq. 30.* It is particularly applicable under the *proviso* of that section in cases where an inhabitant of this state goes into another jurisdiction to obtain a divorce based on a simulated domicile in such state. *Di Brigida* v. *Di Brigida, supra; Lister* v. *Lister, supra; Newton* v. *Newton, 58 N. J. L. J. Index p. 181* (May 22d, 1935). The appearance of the defendant in the foreign suit or his consent to the foreign jurisdiction does not cure the want of jurisdiction of the foreign court over the subject-matter of the action, that is, the marital *res. Lister* v. *Lister, supra.* The full faith and credit clause of the federal constitution does not in such circumstances compel recognition of a decree of a sister state, for the provisions of that clause merely preclude a re-examination of the cause on the merits. They do not affect the jurisdiction of the court in the sister state or of the courts in this state. *German Savings and Loan Society* v. *Dormilzer, 192 U. S. 125; 48 L. Ed. 373; 24 S. Ct. 221; Thompson* v. *Thompson, 89 N. J. Eq. 70, 76.*

A direct attack in the nature of a bill to annul a foreign decree of divorce on the ground of fraudulent representation of domicile to the court of the foreign jurisdiction is proper where the sole purpose of the bill is to protect a matrimonial *res,* the *situs* of which is in New Jersey by reason of the parties' domicile here. *Henry* v. *Henry, 104 N. J. Eq. 21; Jung* v. *Jung, 85 N. J. Eq. 372.*

The court of chancery may in a proper case enjoin the prosecution of a suit in a foreign jurisdiction. *Lehigh Valley Railroad Co.* v. *Andrus, 91 N. J. Eq. 225; 32 C. J. 115 § 137; 25 L. R. A. (N. S.) 267 n.* The issuance of injunctions in such cases does not contravene the full faith and credit clause of the constitution. *Cole* v. *Cunningham, 133 U. S. 107; 33 L. Ed. 538; 10 S. Ct. 269.*

In virtue of this general equity jurisdiction this court has restrained the prosecution of foreign suits for divorce, but the question whether a foreign suit for divorce may be enjoined only in aid of or incidentally to an action for other affirmative relief, such as a petition for divorce or a bill for separate maintenance, does not seem to have been squarely raised and adjudicated in any of the reported cases.

In conjunction with an action for divorce or separate maintenance this court has frequently exercised its general equity jurisdiction to prevent the dissolution of the bond of matrimony by a suit in a foreign jursdiction. *Streitwolf* v. *Streitwolf, 58 N. J. Eq. 563; affirmed, 181 U. S. 179; 45 L. Ed. 807; 21 S. Ct. 553; Miller* v. *Miller, 66 N. J. Eq. 436; Von Bernuth* v. *Von Bernuth, 76 N. J. Eq. 177; Knapp* v. *Knapp, 12 N. J. Mis. R. 599; Di Brigida* v. *Di Brigida, supra.* Without a prayer for any other relief this court has restrained a foreign suit for divorce. *Kempson* v. *Kempson, 61 N. J. Eq. 303; Huettinger* v. *Huettinger, 43 Atl. Rep. 574; Perlman* v. *Perlman, 113 N. J. Eq. 3.* In the *Kempson Case,* Vice-Chancellor Pitney (at *p. 305*) remarked that "the bill asked for no relief except an injunction against the Dakota suit." In the *Knapp Case, supra,* a suit was brought for separate maintenance and to restrain the defendant from prosecuting a suit for divorce in Mexico. Since personal service of process on the defendant in this state could not

be effected, the complainant abandoned her prayer for maintenance. The court remarked that she was nevertheless entitled to a decree restraining the prosecution of the Mexican suit.

The domicile of the parties and consequently the matrimonial status in the case *sub judice* are in New Jersey. If a decree be obtained in the Nevada proceedings it would be in fraud of this state. Since under the *Henry Case, supra,* this court may protect the matrimonial *res* by entertaining a bill to annul such decree if it is obtained, it certainly possesses the power to enjoin the defendant from securing such decree although no other relief may be asked or granted. See *Kempson* v. *Kempson, 63 N. J. Eq. 783, 785.* To refuse aid in such circumstances might be to deny relief to a wife who does not desire or is not yet entitled to a decree of divorce or for separate maintenance. See *Henry* v. *Henry, 104 N. J. Eq. 21, 23.*

For the above reasons, an order for a preliminary injunction will be advised.