MATTER OF W——

In SECTION 245 Proceedings

A-10465765
A-10469442
A-10465763

*Decided by Regional Commissioner February 18, 1958*

*Approved by Assistant Commissioner November 3, 1958*

**Nonquota status—Eligibility as spouse of United States citizen—Mexican "mail order" divorce not recognized in California.**

Applicant for adjustment of status under section 245 of the 1952 act has not established claim to nonquota status through California marriage to United States citizen spouse where applicant's prior marriage was terminated by Mexican "mail order" divorce not ordinarily recognized as valid by California courts. (*Matter of B*——, 5 I. & N. Dec. 659, and *Matter of P*——, 4 I. & N. Dec. 610, distinguished.)

### BEFORE THE REGIONAL COMMISSIONER

**Discussion:** This matter comes forward on appeal from an order of the District Director, San Francisco, dated November 1, 1957, denying subjects' applications for adjustment of status from non-immigrants to that of persons lawfully admitted for permanent residence, as provided for under section 245 of the Immigration and Nationality Act. The denial was predicated on a finding that the appellants were not entitled to classification as nonquota immigrants and that quota immigrant visas were not immediately available to the appellants at the time the applications were filed, as the quota of the Philippines to which they were chargeable was then oversubscribed.

The facts are not in dispute. The appellants are a 35-year-old female, hereinafter called "the applicant," and her 2 minor sons, 12 and 16 years of age. All are natives and citizens of the Philippines. They last entered the United States at Honolulu, T.H., on June 10, 1955, at which time they were admitted as nonimmigrant visitors under section 101(a)(15)(B) for a period expiring on September 30, 1955. On September 15, 1955, they applied under section 248 for changes in their nonimmigrant classification, and on October 6, 1955, they were reclassified as nonimmigrant students under section 101(a)(15)(F). Until the filing of the current applications they

16

have maintained their nonimmigrant status, having been granted several extensions, the last expiring on September 30, 1957.

On October 5, 1941, the applicant married S——D—— in Manila. Her 2 minor sons are the issue of this marriage. While residing in California the applicant filed an action for divorce in the First Civil Court of the Bravos District, State of Chihuahua, Mexico, on the grounds of separation and incompatibility. The decree, dated September 6, 1956, purports to grant an absolute divorce, but neither the petitioner nor her husband had ever been in Mexico. She thus obtained a "mail order" divorce. On December 19, 1956, the applicant purported to marry D——L——W——, a citizen of the United States, in a marriage ceremony performed in San Francisco, California.

In the instant proceeding the applicant claims eligibility for nonquota status under section 101(a)(27)(A) as the spouse of a United States citizen and her sons claim eligibility under the same section as stepchildren. If it is determined that the marriage on which these applications are predicated is valid, the subjects would appear to qualify for nonquota status as they had all been in the United States for a year prior to acquiring that alleged status. A finding that the quota of the Philippines was oversubscribed at the time the current applications were filed is not contested.

If it is determined that the "mail order" divorce obtained in Mexico was void in law, such impediment of this prior existing marital status would invalidate the principal applicant's subsequent marriage to D——W——. Such is the issue to be resolved in connection with this appeal. In these proceedings the burden is upon the applicants to establish the eligibility for the benefits sought or the status claimed.

The record establishes that neither the parties to the first marriage nor the marital res of that marriage were ever in Mexico. Whether such *in absentia* divorce precludes, for immigration purposes at least, the validity of a subsequent marriage, depends on the recognition accorded it by the jurisdiction wherein the subsequent marriage was performed (*Matter of P——*, 56324/762, 4 I & N. Dec. 610, which modified a prior holding in *Matter of O——*, A-6345409, VP-374571, 3 I. & N. Dec. 33, that no divorce decree obtained *in absentia* would be valid for immigration purposes).

The Courts of California, the State in which the subsequent marriage was performed, have generally refused to recognize *in absentia* Mexican divorces where the facts were as in the instant case (*Ryder* v. *Ryder*, 37 P.2d 1069; *Muir* v. *United States*, 93 F. Supp. 939 (1950)).

*Matter of B——*, VP 13–3521, 5 I. & N. Dec. 659, and *Matter of P——*, 56324/762, 4 I. & N. Dec. 610, cited by counsel in support of

17

his position, are readily distinguishable. In the former, the plaintiff-wife was physically in Mexico, the defendant-husband consented to the divorce proceedings and was represented by counsel. In the latter, the parties mutually agreed to the institution of the divorce proceedings, the defendant-husband signed a nolo contendere, and the plaintiff-wife was physically in Mexico and there signed the necessary judicial papers for the institution of the divorce proceedings.

The applicant for adjustment under section 245 has the burden of establishing his eligibility. Since the California courts deny recognition to Mexican *in absentia* divorces such as that present here, it follows that the applicant has failed and is unable to sustain her burden of proving the validity of her marriage to a United States citizen husband. Similarly, applicant's sons cannot establish that they are the stepsons of a United States citizen.

**Order:** It is ordered that the appeal from the district director's decision denying adjustment under section 245 of the Immigration and Nationality Act be and the same is hereby dismissed.

18